**UNITED STATES of America, Plaintiff,**

v.

**Dean F. KEYS, Defendant.**

**No. 74–CR–60.**

United States District Court, W. D. Wisconsin.

April 8, 1975.

---

* The Court expresses no view as to whether diversity is a jurisdictional prerequisite in the third party action.

David C. Mebane, U. S. Atty. by John R. Byrnes, Asst. U. S. Atty., Madison, Wis., for plaintiff.

DeWitt, McAndrews & Porter, S.C. by Jon P. Axelrod, Madison, Wis., for defendant.

## OPINION AND ORDER

JAMES E. DOYLE, District Judge.

An information has been filed herein by the United States Attorney, charging that on May 27, 1974, on land acquired for the use of the United States and under the exclusive jurisdiction thereof (Camp McCoy), the defendant did operate a motor vehicle while under the influence of an intoxicant or drug, in violation of § 346.63(1)(a) of the Wisconsin Statutes and 18 U.S.C. § 13. It is not alleged that the defendant has previously violated § 346.63(1)(a). The case has been entered on the criminal docket of this court.

Section 346.63(1)(a) provides: "It is unlawful for any of the following to drive or operate a motor vehicle: (a) A person who is under the influence of an intoxicant or controlled substance. . . ." Section 346.65(2), Wis.Stat., provides: "Any person violating s. 346.-63(1) may be required to forfeit not more than $200 for the first offense. . . ." Section 939.12, Wis.Stat., provides: "A crime is conduct which is prohibited by state law and punishable by fine or imprisonment or both. Conduct punishable only by a forfeiture is not a crime."

18 U.S.C. § 13 provides that whoever, on land acquired for the use of the United States and under the exclusive jurisdiction thereof, "is guilty of any act . . . which, although not made punishable by any enactment of Congress, would be punishable if committed . . . within the jurisdiction of the State . . . in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment." Title 18 of the United States Code is entitled "Crimes and Criminal Procedure." Section 13 is one of fifteen sections included in Chapter 1 of Title 18, which chapter is entitled "General Provisions." First among the fifteen such sections is 18 U.S.C. § 1, which reads: "1. *Offenses classified* Notwithstanding any Act of Congress to the contrary: (1) Any offense punishable by death or imprisonment for a term exceeding one year is a felony. (2) Any other offense is a misdemeanor. (3) Any misdemeanor, the penalty for which does not exceed imprisonment for a period of six months or a fine of not more than $500, or both, is a petty offense."

Defendant has moved to dismiss the information herein for lack of jurisdiction.

The government's principal contention is that although the word "offense" appears in 18 U.S.C. § 13, and although 18 U.S.C. § 1 classifies "offenses" as felo-

nies and misdemeanors (and subclassifies misdemeanors), Section 1 merely classifies offenses rather than to define them. However, Section 1 explicitly provides that any offense, other than an offense punishable by death or imprisonment for a term exceeding one year, is a misdemeanor. Whether described as a classification or a definition, the effect of this statutory language is clear.

I express no opinion whether there is any other manner in which this defendant can be proceeded against in this court for the conduct alleged in the information herein. However, the United States has elected to "prosecute" this "offense" by filing an information. Rule 7, Federal Rules of Criminal Procedure. I conclude that the conduct described in the information cannot be presecuted by an information under 18 U.S.C. § 13.

## ORDER

It is hereby ordered, upon defendant's motion, that the information filed herein July 9, 1974, is dismissed, and the defendant is released from any and all restraint heretofore imposed upon him as a result of the filing of said information.