**UNITED STATES of America, Appellee,**

v.

**James M. ROWE, Appellant.**

**No. 78–5183.**

United States Court of Appeals,
Fourth Circuit.

Argued June 7, 1979.

Decided June 20, 1979.

William T. Mason, Jr., Norfolk, Va. (Robinson, Eichler, Zaleski & Mason, Norfolk, Va., on brief), for appellant.

John F. Kane, Asst. U.S. Atty., Alexandria, Va. (William B. Cummings, U.S. Atty., Alexandria, Va., and Raymond A. Jackson, Asst. U.S. Atty., Norfolk, Va., on brief), for appellee.

Before BUTZNER, RUSSELL and HALL, Circuit Judges.

PER CURIAM:

James M. Rowe appeals his conviction under the Assimilative Crimes Act, 18 U.S.C. § 13, for driving while under the influence of alcohol and refusing to take a breathalyzer test in violation of Sections 18.2–266 and 18.2–268 respectively of the Code of Virginia. The offenses occurred on the Norfolk Naval Station, a federal enclave.

Upon consideration of the briefs, the record, and the arguments of the parties, we detect no reversible error in the conviction for driving under the influence of alcohol.

We believe, however, that federal prosecution of the breathalyzer charge was improper. The Assimilative Crimes Act by its own terms incorporates into federal law only the criminal law of the jurisdiction within which the federal enclave exists. *United States v. Best*, 573 F.2d 1095, 1098 (9th Cir. 1978). The Supreme Court of Virginia has held that a proceeding under Virginia Code § 18.2–268 to suspend a driver's license because of his refusal to submit to a blood test is administrative and civil, not criminal, in nature. *Deaner v. Commonwealth*, 210 Va. 285, 287–93, 170 S.E.2d 199 (1969). We, of course, must accept this authoritative interpretation of Virginia law. Accordingly, this offense may not be prosecuted under the Assimilative Crimes Act. *Cf. United States v. Best*, 573 F.2d at 1098–1100.

We therefore affirm the conviction of driving while under the influence of alcohol and reverse the conviction on the breathalyzer charge.