Chester F. Blakemore Executive Director, Department of Highway Safety and Motor Vehicles Tallahassee
QUESTION:
Is the Department of Highway Safety and Motor Vehicles authorized by the provisions of ch. 322, F. S., to suspend or revoke an individual's driving privileges for being convicted in federal court of violating the traffic laws in effect on a federal reservation within Florida?
SUMMARY:
The Department of Highway Safety and Motor Vehicles is not authorized by the provisions of ch. 322, F. S., to record on a state-licensed driver's record evidence of federal convictions or, based thereon, to suspend or revoke an individual's driving privileges for being convicted in a federal court of a violation of federal law relating to traffic offenses occurring on federal reservations.
According to your letter and the supplemental information submitted to me, persons operating motor vehicles on federal reservations in Florida are not subject to the traffic laws of Florida. Instead, Congress has passed a law which has the effect of adopting for each such reservation the traffic code of the state in which it is located. See 18 U.S.C. § 13. The practical result, of course, is that the same act which would constitute a violation of the State Uniform Traffic Control Act, ch. 316, F. S., if committed on a Florida highway would constitute violation of federal law when committed on a federal reservation within Florida. I might note, however, that the federal law cited as authority for the adoption of the State Uniform Traffic Control Act appears to adopt only the state's criminal laws. See United States v. Rowe, 599 F.2d 1319 (4th Cir. 1979). With certain exceptions, violations of the State Uniform Traffic Control Act are not criminal offenses. See s. 316.655(1). Be that as it may, you have asked whether the department is authorized by law to record on a driver's record (and to use in considering whether to suspend or revoke driving privileges) information relative to convictions in federal court of the traffic laws in effect on federal reservations.
The holder of a driver's license is not possessed of an absolute property right in the use of the public highways. Smith v. City of Gainesville, 93 So.2d 105 (Fla. 1957). Rather, driving a motor vehicle on the highways of the state is a privilege granted by the state and is subject to suspension or revocation for cause. Thornhill v. Kirkman, 62 So.2d 740 (Fla. 1953), and City of Miami v. Aronovitz, 114 So.2d 784 (Fla. 1959). That privilege may not be suspended or revoked arbitrarily or capriciously, however, but only in the manner and on the grounds provided by law. Carnegie v. Department of Public Safety, 60 So.2d 728 (Fla. 1952).
In this regard, the Department of Highway Safety and Motor Vehicles has been authorized to suspend or revoke an individual's driving privileges for certain enumerated infractions or combinations of infractions. See s. 322.27, F. S. Nowhere in that section or in ch. 322, F. S., do I find express mention of traffic offenses committed on federal reservations. Cf. s. 322.27(3)(e), which permits the department, if an individual is convicted of violating the traffic laws of another state, to record one-half the number of points which he would have received had he been convicted of the same offense in this state. While the state, through proper enactment of the Legislature, may well possess the power to make provision for the recording of such infractions and the suspension or revocation of driving privileges in this state based thereon, the fact is that it has not done so. The department, as an agency of the state, possesses no common-law powers and is limited to the exercise of such powers as have been delegated or granted to it by statute or conferred on it by necessary implication from an express grant of authority. See,e.g., State ex rel. Greenberg v. Florida State Board of Dentistry,297 So.2d 628 (1 D.C.A. Fla., 1974), cert. dismissed,300 So.2d 900 (Fla. 1974), and Molwin Inv. Co. v. Turner, 167 So. 33 (Fla. 1936); cf. AGO 080-52. Consequently, I must conclude that the department has not been delegated the authority to record evidence of federal convictions in determining whether to suspend or revoke a person's right to drive on the highways of this state.
Prepared by: Percy W. Mallison, Jr., Assistant Attorney General