UNITED STATES of America, Plaintiff,

v.

Charles HOLLINSHEAD, Defendant.

UNITED STATES of America, Plaintiff,

v.

Gaspar DINOSO, Defendant.

UNITED STATES of America, Plaintiff,

v.

Boyce McBRIDE, Defendant.

UNITED STATES of America, Plaintiff,

v.

Henry ROSSI, Defendant.

Cr. Nos. 84–03477, 84–02758,
85–00329 and 85–00482.

United States District Court,
D. Hawaii.

May 20, 1985.

Richard A. Jaynes, Sp. Asst. U.S. Atty., Daniel A. Bent, U.S. Atty., Honolulu, Hawaii, for plaintiff.

Hayden Aluli, Asst. Federal Public Defender, Michael R. Levine, Federal Public Defender, Honolulu, Hawaii, for defendants.

ORDER AFFIRMING MAGISTRATE

SAMUEL P. KING, District Judge.

All defendants were arrested on Army installations and charged with driving un-

der the influence of intoxicating liquor (Hawaii Rev.Stat. § 291–4) and refusal to submit to a chemical test to determine blood alcohol content (Hawaii Rev.Stat. § 286–155).

 The Government sought convictions for failure to submit to the blood alcohol test under the Assimilative Crime Act (ACA). 18 U.S.C. § 13. The ACA subjects persons on federal lands to federal prosecution in federal court for violations of criminal statutes of the state in which the federal lands are located. *United States v. Kiliz*, 694 F.2d 628 (9th Cir.1982). The ACA transforms a crime against the state into a crime against the federal government. *United States v. Press Publishing Co.*, 219 U.S. 1, 31 S.Ct. 212, 55 L.Ed. 65 (1911). The ACA incorporates into federal law only the criminal law of the jurisdiction within which the enclave exists. *United States v. Best*, 573 F.2d 1095, 1098 (9th Cir.1978). Non-penal rules, regulations and sanctions are necessarily excluded. *United States v. Rowe*, 599 F.2d 1319 (4th Cir.1979).

The question raised on this appeal is whether Hawaii's implied consent law is a civil or criminal statute.

In *Best*, the Ninth Circuit held that a California statute under which the Department of Motor Vehicles was to revoke the driver's license after a conviction for drunk driving was not assimilated under the ACA. The court held that in determining whether a statute is civil or criminal, Congress' purpose:

> can best be achieved by application of state interpretations of what constitutes "punishment" since this accomplishes the Act's objective of providing criminal law for federal enclaves while at the same time effectuating the policy of conforming to local law.

*Id.* at 1094.

In *United States v. Rowe*, 599 F.2d 1319 (4th Cir.1979), the Fourth Circuit reversed the district court's conviction of a defendant under Virginia's implied consent law and the ACA. The court held that the Virginia Supreme Court's determination that Virginia's implied consent statute was civil and not criminal was binding upon the federal court. The court cited *Best* in reaching that result.

 However, it is clear that federal courts are not bound by state court decisions which determine that a statute is criminal. *United States v. Marcyes*, 557 F.2d 1361, 1364 (9th Cir.1977); *Johnson v. Yellow Cab Transit Co.*, 321 U.S. 383, 389 n. 8, 64 S.Ct. 622, 625 n. 8, 88 L.Ed. 814 (1944). Unless the federal court independently determines whether statutes are criminal "a state could ... force its regulatory systems on the federal jurisdiction by making criminal any failure to comply with those regulations." *Marcyes*, 557 F.2d at 1364.

This rationale does not apply when a state court decides that a statute is civil rather than criminal. Indeed, for a federal court to assimilate a statute after a state court had found it to be civil would be to encroach on state regulatory systems. *See, Best*, 573 F.2d at 1102.

 The Government argues that the Hawaii statutes invite the federal government to enter this area. Hawaii Rev.Stat. § 286–122. This section merely provides for recognition of legitimate actions of other jurisdictions. It does not grant any powers to the federal courts nor change the application of the ACA in Hawaii.

The Government cites *United States v. Kiliz*, 694 F.2d at 629, for the proposition that the federal court must determine whether a state law is civil or criminal. The Ninth Circuit has held that federal courts are free to interpret extrapolated state criminal statutes just as if they were interpreting federal statutes, because the assimilated state law, in effect, becomes a federal statute.

The Government's argument falls short. *Kiliz* does not allow the federal court to determine which state statutes are criminal. The holding in *Kiliz* goes only to the interpretation of criminal statutes which are assimilated. The statute in *Kiliz* was plainly criminal and the court did not reach

**162**

the question of a federal court's power to determine whether a state law is criminal or civil. *Kiliz*, 694 F.2d at 629 & n. 1.

 Under the Ninth Circuit's holdings this court is bound by the decision of the Hawaii Supreme Court that the implied consent law is civil in nature. *State v. Severino*, 56 Haw. 378, 388, 537 P.2d 1187, 1189 (1975); *State v. Brown*, 3 Haw.App. 386, 390, 651 P.2d 488, 491 (1982).

 Alternatively, it is the independent judgment of this court that the implied consent law is civil in nature. The law provides only for the revocation of a license rather than fines or imprisonment. Furthermore, the revocation procedures are more consistent with a civil than a criminal statute. Other states have reached the same result reached in Hawaii. *See, Severino*, 56 Haw. at 380–81, 537 P.2d 1187 (collecting cases).

As a civil statute Hawaii's implied consent law is not assimilated under the ACA.

Magistrate Bert S. Tokairin also correctly determined that the defendants had not been charged under 40 U.S.C. § 318a.

IT IS HEREBY ORDERED that the magistrate's order granting defendants' motion to dismiss for lack of federal court jurisdiction is AFFIRMED.