223 N.J. Super. 284 (1988)
538 A.2d 820
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
HOWARD W. NEWMAN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 1, 1988.
Decided February 24, 1988.
*286 Before Judges J.H. COLEMAN and STERN.
Gary Alan Blaustein argued the cause for defendant-appellant.
Larry R. Etzweiler, Deputy Attorney General, argued the cause for plaintiff-respondent (W. Cary Edwards, Attorney General of New Jersey, attorney; Larry R. Etzweiler of counsel and on the brief).
PER CURIAM.
Defendant pleaded guilty in the Roselle Park Municipal Court to operating a motor vehicle while in possession of marijuana, contrary to N.J.S.A. 39:4-49.1, and possession of less than 25 grams of marijuana, contrary to N.J.S.A. 24:21-20a(4). The municipal court judge merged the Title 39 violation with the Title 24 violation and sentenced defendant to a conditional discharge pursuant to N.J.S.A. 24:21-27. The State appealed to the Law Division. In a decision reported at 218 N.J. Super. 580, 587-588 the merger was found to be improper. On remand to the municipal court for sentencing on the Title 39 offense, defendant was fined $50 plus $10 costs and his driver's license was suspended for two years as mandated by N.J.S.A. 39:4-49.1. The sentence was stayed pending appeal.
After a de novo appeal of the sentence to the Law Division the same sentence was imposed. This appeal followed. Defendant now argues that "since the same evidence to prove the offense under N.J.S.A. 24:21-20(a)(4) is the sole evidence to prove the second offense of N.J.S.A. 39:4-49.1, punishment for the second offense is barred by the double jeopardy clause of the United States Constitution."
*287 We have considered the contention raised in light of the record and find it is clearly without merit. R. 2:11-3(e)(2). We therefore affirm substantially for the reasons expressed by Judge Beglin in his published opinion.
We add, however, the following comments. Since the filing of the decision below, the Supreme Court reversed State v. DeLuca, 208 N.J. Super. 422 (App.Div. 1986). The Supreme Court's decision, 108 N.J. 98 (1987), cert. den. ___ U.S. ___, 108 S.Ct. 331, 98 L.Ed.2d 358 (1987), is further support for Judge Beglin's rationale. Moreover, it is important to recognize that the United States Supreme Court "has applied a different test when faced with multiple punishments arising out of one trial" as compared with whether second or subsequent prosecutions are permissible. State v. Dively, 92 N.J. 573, 579 n. 4 (1983). See e.g., Garrett v. United States, 471 U.S. 773, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985), reh. den. 473 U.S. 927, 106 S.Ct. 20, 87 L.Ed.2d 698 (1985); Missouri v. Hunter, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1985).
When considering whether multiple punishment is authorized in a single prosecution, the court as a matter of federal constitutional law must be concerned essentially with legislative intent. See Garrett v. United States, supra, 471 U.S. at 777-780, 105 S.Ct. at 2410-2411, 85 L.Ed.2d at 770-772. In Missouri v. Hunter, supra, the Supreme Court stated:
Where ... a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those statutes proscribe the `same' conduct under Blockburger, a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial. [459 U.S. at 368-369, 103 S.Ct. 677-678, 74 L.Ed.2d at 544][1]
*288 Although our State constitution's double jeopardy protection is to be interpreted as coextensive or consistent with the Fifth Amendment to the federal constitution, see e.g., State v. Barnes, 84 N.J. 362, 370 (1980); State v. Rechtschaffer, 70 N.J. 395, 404 (1976), in New Jersey the doctrine of merger must also be considered in terms of the prohibition against multiple punishment irrespective of whether merger is based at least in part on double jeopardy principles. See e.g., State v. Truglia, supra, 97 N.J. at 521-522; State v. Davis, supra, 68 N.J. at 76-77; State v. Alevras, supra, 213 N.J. Super. at 340-341.
However, "merger" involves multiple convictions and does not apply with respect to an offense resulting in defendant's successful application for diversion or admission into supervisory treatment such as that provided in N.J.S.A. 24:21-27. See also N.J.S.A. 2C:35-14, 2C:43-12 et seq.; R. 3:28. Even assuming that the two offenses involved in this case might merge if defendant's application for conditional discharge had been denied, we see nothing inappropriate or unfair about entry of judgment upon sentencing for an offense which might otherwise merge but for enrollment in the diversion or supervisory treatment program. The decision to seek diversion is voluntarily made, and neither the Legislature (N.J.S.A. 2C:1-8),[2] the Double Jeopardy clauses, nor the doctrine of merger would require entry of a single judgment. To the contrary, it *289 appears that the legislative intent would not authorize application of merger in these circumstances. See N.J.S.A. 2C:1-8a.
Affirmed.
NOTES
[1] Before us the State argues that the Blockburger test, see Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), permitting multiple punishment for multiple offenses when one requires proof of an additional fact the other does not, applies only with respect to successive prosecutions. But see e.g., State v. Truglia, 97 N.J. 513, 520 (1984) where the State argued that the Code of Criminal Justice "adopted the Blockburger test" in a case involving disposition by simultaneous pleas. We need not address this question given the "flexible approach" with respect to merger recognized by our Supreme Court in State v. Davis, 68 N.J. 69, 81 (1975) and State v. Truglia, supra. See also State v. Alevras, 213 N.J. Super. 331, 341 n. 3 (App.Div. 1986).
[2] The Code of Criminal Justice does not apply to the motor vehicle offense for which defendant was prosecuted. See N.J.S.A. 2C:1-5b; 2C:1-14k. Moreover, we have already expressed reservation as to whether the conditional plea rule, R. 3:9-3(f), used in this case applies in municipal court. See State v. Colasurdo, 214 N.J. Super. 185, 187 n. 1 (App.Div. 1986).