**UNITED STATES of America, Plaintiff,**

v.

**Michelle MANNING, Defendant.**

**No. 88–M–51.**

United States District Court,
W.D. Wisconsin.

Dec. 9, 1988.

Mark Cameli, Madison, Wis., for plaintiff.

Steven Streck, Axley Brynelson, Madison, Wis., for defendant.

## OPINION AND ORDER

CRABB, Chief Judge.

Defendant is charged under Wis.Stat. § 346.63(1)(a) and the Assimilative Crimes Act, 18 U.S.C. § 13 with operating a motor vehicle on the Fort McCoy military reservation while intoxicated. Defendant moved to dismiss the citation on the ground that the government cannot prosecute a first offense violation of Wis.Stat. § 346.63(1)(a) under the Assimilative Crimes Act because the Act incorporates only state crimes and a first offense violation of § 346.63(1)(a) is not a crime under Wisconsin law. The magistrate agreed and dismissed the citation on September 15, 1988. The government appealed and moved to stay the magistrate's order of dismissal. I granted the government's motion to stay on September 26, 1988, and now consider the government's appeal.

Because I find that Wis.Stat. § 346.63(1)(a) is a prohibitory law whose nature is not altered by Wis.Stat. § 346.65(2) which imposes a civil forfeiture for first offenses and a fine and imprisonment for subsequent offenses, and because I find that the assimilation of both first and subsequent violations of Wis.Stat. § 346.63(1)(a) promotes the state's policy of prohibiting drunk driving and the federal purposes of conforming with state law penalizing minor offenses, *United States v. Sharpnack*, 355 U.S. 286, 293, 78 S.Ct. 291, 295–96, 2 L.Ed.2d 282 (1958), and of according as much protection to people within a federal enclave as in the surrounding state, I reach a conclusion different from the magistrate's. I conclude that the offense with which defendant is charged is assimilated by the Assimilative Crimes Act and may be prosecuted in this court[1] Accordingly, I will reverse the magistrate's order of dismissal.

The parties do not dispute that this is defendant's first offense and that a first

---

1. The holding and analysis in this order apply only to first offense violations of Wis.Stat. § 346.63(1)(a), and not to civil forfeiture actions generally.

offense violation of Wis.Stat. § 346.63(1)(a) is not a crime under Wisconsin law. Whether such a first offense violation is incorporated by the Assimilative Crimes Act is disputed, and is a question of law to be reviewed de novo on appeal. *United States v. McConney*, 728 F.2d 1195, 1201 (9th Cir.) (en banc), *cert. denied*, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

## Opinion

Defendant is charged with violating Wis. Stat. § 346.63(1)(a), which prohibits driving or operating a motor vehicle while intoxicated. The penalties for such a violation are set forth in two other statutory sections. Wis.Stat. § 346.65(2) provides for a forfeiture of between $150 and $300 for a first offense, and for fines and imprisonment for subsequent offenses. Wis.Stat. § 343.30(1q)(b) provides for the suspension or revocation of the offender's license as well.

The Assimilative Crimes Act, 18 U.S.C. § 13, provides that

> Whoever within or upon [federal property] is guilty of any act of omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State ... in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment.

The statute assimilates state criminal laws and provides for federal prosecution of violations on federal property of state criminal statutes. *United States v. Press Publishing Company*, 219 U.S. 1, 8, 31 S.Ct. 212, 213, 55 L.Ed. 65 (1911); *United States v. Chaussee*, 536 F.2d 637, 643 (7th Cir.1976); *United States v. DeWater*, 846 F.2d 528, 530 (9th Cir.1988); *United States v. Davis*, 845 F.2d 94, 96 (5th Cir.1988); *United States v. King*, 824 F.2d 313, 315 (4th Cir. 1987); *United States v. Sain*, 795 F.2d 888, 890 (10th Cir.1986). It has been described as "a shorthand method of providing a set of criminal laws on federal reservations by using local law to fill the gaps in federal criminal law." *United States v. Prejean*, 494 F.2d 495, 496 (5th Cir.1974).

It is undisputed that the first violation of Wis.Stat. § 346.63(1)(a) is a civil and not a criminal offense because of the civil forfeiture imposed as a penalty under Wis.Stat. § 346.65(2)(a). *See* Wis.Stat. § 939.12; *Schindler v. Clerk of Circuit Court*, 715 F.2d 341, 342 (7th Cir.1983); *United States v. Keys*, 392 F.Supp. 79, 80–81 (W.D.Wis. 1975); *State of Wisconsin v. McAllister*, 107 Wis.2d 532, 536–38, 319 N.W.2d 865 (1982); *State of Wisconsin v. Novak*, 107 Wis.2d 31, 35, 318 N.W.2d 364 (1982); *State of Wisconsin v. Banks*, 105 Wis.2d 32, 44, 313 N.W.2d 67 (1981); *County of Racine v. Smith*, 122 Wis.2d 431, 435, 362 N.W.2d 439 (Ct.App.1984).

In *Keys*, 392 F.Supp. 79, another judge of this court held that the Assimilative Crimes Act did not provide a jurisdictional basis for prosecuting a person for a first offense of operating a motor vehicle under the influence. He based his holding on the facts that the Assimilative Crimes Act is located in Title 18; Title 18 is entitled "Crimes and Criminal Offenses"; the first section of the title classified offenses into two categories only: felonies or misdemeanors, including petty offenses; and Wis.Stat. § 346.65(2)(a) provides explicitly that a first offense violation of Wis.Stat. § 346.63(1)(a) is not a crime. In other words, the court concluded that because 18 U.S.C. § 1 classified offenses only as felonies and misdemeanors, the Assimilative Crimes Act did not incorporate civil violations. 392 F.Supp. at 80–81.

The government notes correctly that the classification provision on which Judge Doyle relied in *Keys* was repealed effective November 1, 1987, thus undercutting the holding in *Keys*. However, it does not follow, as the government contends, that enactment of a new classification provision, 18 U.S.C. § 3559, makes the Assimilative Crimes Act applicable to civil violations.

18 U.S.C. § 3559 classifies and grades offenses according to the penalty imposed. It is part of a scheme created to enact sentencing reform for all federal crimes, and is to be applied to all federal offenses

committed after November 1, 1987. *United States v. Ortega Lopez*, 684 F.Supp. 1506, 1509 (C.D.Cal.1988). It has nothing to do with either 18 U.S.C. § 1 or the Assimilative Crimes Act. *See* 1984 U.S. Code Cong. and Admin.News 3182, 3269–3270.

In any event, I consider the presence or absence of a classification of offenses irrelevant. Although the Assimilative Crimes Act refers to "like offense[s]," it incorporates "any act or omission." *See United States v. Peterson*, 550 F.2d 379, 383 (7th Cir.1977) ("offense" was replaced with "any act or omission" in 1909). The critical inquiry is not what is labelled as an offense but what act or omission is proscribed. *Peterson*, 550 F.2d at 383 (unlicensed practice of law held punishable by federal not state law even though there is no specific federal penal offense concerning unlicensed practice of law, because such acts or omissions are indirectly controlled by federal law). The substantive offense is defined by the conduct proscribed. *See State of Wisconsin v. McAllister*, 107 Wis.2d at 536–38, 319 N.W.2d 865 (prior conviction essential element for purpose of punishment, not essential element of substantive offense).

In the instant case one statute defines the proscribed act or substantive offense, and another statute defines the penalty. *McAllister*, 107 Wis.2d at 536–38, 319 N.W.2d 865; *Banks*, 105 Wis.2d at 42, 313 N.W.2d 67 (citing 69 Op.Att.Gen. 48, at 49–51). The penalty provision differs from the usual repeater statute in that it mandates criminal proceedings and penalties on subsequent violations of the same drunk driving statute within any five-year period, rather than increasing penalties where the offender has had prior convictions for the same or other crimes. *Banks*, 105 Wis.2d at 37 n. 1, 313 N.W.2d 67. The legislature's purpose in passing this variation of a repeater statute was to address the problem of drunk driving without stigmatizing the first offense with criminal sanctions.

*Schindler*, 715 F.2d at 345–47. However, as in the case of more common repeater statutes, there is no question that the legislature intended to prohibit the conduct proscribed by the substantive offense provision, drunk driving.

Thus, even though the penalty provision imposes a civil penalty for the first offense violation of the substantive drunk driving provision, the two provisions together operate more like the criminal prohibitory laws at which the Assimilative Crimes Act is directed than like the civil regulatory laws such as those concerning hunting. *Oneida Tribe of Indians of Wisconsin v. State of Wisconsin*, 518 F.Supp. 712, 718–19 (W.D. Wis.1981); *United States v. Marcyes*, 557 F.2d 1361, 1364 (9th Cir.1977) (Assimilative Act establishes uniformity in state's *prohibitory* laws (emphasis added)).

The graduated penalty structure mandated in Wisconsin's repeater provision does not change the nature of the offense or prohibited conduct but goes only to the question of punishment for the offense. *McAllister*, 107 Wis.2d at 536–538, 319 N.W.2d 865. Yet, it is the punishment that determines whether the conduct is a crime, and if only the part of the penalty provision that imposes criminal punishment is assimilated by the Assimilative Crimes Act, then the prohibited conduct may be prosecuted in federal court only for those drunk drivers who have at least once before been found guilty of violating the substantive provision outside of the federal enclave. Such a result contravenes the statutory scheme that is directed at all drunk drivers by prohibiting the conduct proscribed by Wis.Stat. § 346.63(1)(a), drunk driving.[2]

Assimilating first offense violations of Wisconsin's drunk driving statute would further not only the state's anti-drunk driving policies, but also the federal government's purposes for passing the Assimilative Crimes Act, which are: to fill gaps in the federal criminal code for criminal en-

---

**2.** Moreover, if the nature of the punishment rather than the nature of the conduct determines assimilation, then only Wis.Stat. §§ 346.-65(2)(b) and 346.65(2)(c) would be assimilated but not § 346.65(2)(a). Such selective incorporation is not contemplated by the Assimilative Crimes Act. *United States v. Kendrick*, 636 F.Supp. 189, 191 (E.D.N.C.1986).

claves, to achieve conformity in the laws governing a federal enclave and the state in which the enclave is located, and to give the people within a federal enclave as much protection as is afforded those outside the enclave. *United States v. Kiliz*, 694 F.2d 628, 629 (9th Cir.1982) (citing *United States v. Sharpnack*, 355 U.S. 286, 78 S.Ct. 291. The second and third purposes would be undermined if first offense violations of Wisconsin's drunk driving statute were not assimilated.

The provision of conformity is embedded in the operative words "guilty of a like offense and subject to a like punishment," whether the act or omission takes place on federal property or in the jurisdiction within which the federal property is located. *Kendrick*, 636 F.Supp. at 191. If the first offense violation of Wisconsin's drunk driving statute cannot be prosecuted in federal court when the violation occurs on federal property, then that first offender is not guilty of a like offense and subject to like punishment. In fact, that first offender will never be guilty of a like offense and subject to like punishment.

For example, if a person is caught driving while intoxicated first on federal property, and then later outside the federal enclave, on the occasion of the second violation that person will be treated like a first offender. Indeed, a person may commit multiple violations of the drunk driving laws on federal property, but it will not be until that offender commits such a violation outside the federal enclave that the offender will be punished as under state law, and then only as a first offender. Such differential treatment would destroy the current complete conformity with Wisconsin's prohibitory laws that the Assimilative Crimes Act was intended to achieve. *Sharpnack*, 355 U.S. at 291–93, 78 S.Ct. at 294–96; *Marcyes*, 557 F.2d at 1364.

This differential treatment would also undermine the Assimilative Crime Act's third purpose, that of protecting people within and without federal enclaves equally. If first offense drunk driving violations were not assimilated, drunk driving offenses on federal property would never subject the offender to imprisonment until *after* that offender committed an offense outside the federal enclave. Yet, that offense outside the federal enclave, and the next offense either within or without the federal enclave (which is when the offender would first be subject to imprisonment), might not have taken place if the offender had been subject to punishment because of any of the prior offenses on federal property. In such a situation, neither the people within the enclave nor the people without the enclave would be protected by the state laws against drunk driving as the state had intended they should be.

I conclude that the purposes behind the Assimilative Crimes Act and the policies behind Wisconsin's drunk driving laws would be best served by assimilating first offense violations of Wis.Stat. § 346.63(1)(a).[3] Because the substantive nature of the violation defined in that provision is not altered by the enhanced penalty provisions in Wis.Stat. § 346.65(2), and because I find no language in the Assimilative Crimes Act or other federal statutory provision to the contrary, I conclude that first offense violations of Wis.Stat. § 346.63(1)(a) are assimilated by the Assimilative Crimes Act.

### Order

IT IS ORDERED that the magistrate's order dismissing this citation is REVERSED and defendant's motion to dismiss on the ground that her first offense violation of Wis.Stat. § 346.63(1)(a) is not

---

3. There is language in some cases from other circuits to the effect that the Assimilative Crimes Act assimilates into federal law only state statutes making drunk driving a criminal offense. *United States v. Roberts*, 845 F.2d 226, 228 (9th Cir.1988) (implied consent provisions held not assimilated because they do not make drunk driving a criminal offense or authorize punishment for drunk driving); *United States v.*

*Hollinshead*, 616 F.Supp. 160, 161 (D.Hawaii 1985) (implied consent law held not assimilated); *United States v. Rowe*, 599 F.2d 1319, 1320 (4th Cir.1979) (refusal to take breathalyzer test held not assimilated). However, these cases involve the violation of provisions incidental to a drunk driving law, not the violation of a drunk driving provision itself.

assimilated by the Assimilated Crimes Act is DENIED.