**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Eric J. CARLSON,**
**Defendant–Appellant.**

**No. 89–10226.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 10, 1990.

Decided April 3, 1990.

Hayden Aluli, Asst. Fed. Public Defender, Honolulu, Hawaii, for defendant-appellant.

Michael Burke, Asst. U.S. Atty., Honolulu, Hawaii, for plaintiff-appellee.

Before WALLACE, ALARCON and LEAVY, Circuit Judges.

WALLACE, Circuit Judge:

Carlson appeals his conviction for a vehicular speeding offense on a federal military installation in violation of Haw.Rev.

Stat. § 291C–102 (1988), a state violation purportedly made federal pursuant to the Assimilative Crimes Act (Act), 18 U.S.C. § 13. He contends that federal courts do not have jurisdiction under the Act to adjudicate speeding offenses that occur within federal enclaves in Hawaii. We reverse.

## I

Carlson was stopped by a military police officer at Schofield Barracks, a military installation in Hawaii, for driving 36 m.p.h. in a 25 m.p.h. zone. He was charged with speeding. After a bench trial before a federal magistrate, Carlson was ordered to pay an $11.00 fine. He then filed a motion for reconsideration which, after following a rather circuitous procedural course not relevant to this appeal, was rejected by the magistrate. The magistrate's decision, in turn, was affirmed by the district court in a published opinion and order. *United States v. Carlson,* 714 F.Supp. 428 (D.Haw. 1989). The court held that Hawaii's speeding law was criminal in nature and therefore assimilated to federal law pursuant to the Act. *Id.* at 437. Carlson now appeals, contending that Hawaii's speeding law is not properly assimilated under the Act and that therefore subject matter jurisdiction is absent. This contention that the magistrate lacked subject matter jurisdiction is a question of law reviewed de novo. *Kruso v. International Telephone & Telegraph Corp.,* 872 F.2d 1416, 1421 (9th Cir.1989).

## II

■ We begin our analysis with the Act itself which provides, in part:

(a) Whoever within or upon any [federal enclave], is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State ... in which [the federal enclave] is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment.

18 U.S.C. § 13(a). The purpose of the Act is to subject "persons on federal lands to federal prosecution in federal court for violations of criminal statutes of the state in which the federal lands are located." *United States v. Kiliz,* 694 F.2d 628, 629 (9th Cir.1982). In essence, the Act "transforms a crime against the state into a crime against the federal government." *Id.* Thus, the Act "makes state *criminal* laws applicable in federal courts exercising territorial jurisdiction over U.S. military bases." *United States v. Bosser,* 866 F.2d 315, 316 (9th Cir.1989) (emphasis added). The Act "incorporates into federal law only the *criminal* laws of the jurisdiction within which the enclave exists; it is, itself, a penal statute." *United States v. Best,* 573 F.2d 1095, 1098 (9th Cir.1978) (*Best*) (emphasis in original), *citing United States v. Sharpnack,* 355 U.S. 286, 291–93, 78 S.Ct. 291, 294–96, 2 L.Ed.2d 282 (1958).

The jurisdictional question in this appeal, therefore, turns on whether violation of Hawaii's speeding statute, Haw.Rev.Stat. § 291C–102 (1988), is a criminal offense. Carlson contends that it is not.

### A.

Under Hawaii law, failure to comply with properly established speed limits constitutes a "violation," Haw.Rev.Stat. §§ 291C–102 and 291C–161 (1988), and the relevant section of the penal code explicitly states that "*a violation does not constitute a crime,* and conviction of a violation shall not give rise to any civil disability based on conviction of a criminal offense." Haw.Rev.Stat. § 701–107(5) (1988) (emphasis added); *see also id.* comment to Haw. Rev.Stat. § 701–107 ("Violations not punishable by imprisonment are not 'crimes' under subsection (5)."), *citing* Op. Att'y Gen. No. 87–5 (1985). In addition to this statutory language, the Hawaii Supreme Court has stated that "[p]enal code *violations do not technically constitute* crimes and therefore do not give rise to any civil disability based upon conviction of a criminal offense." *State v. Kailua Auto Wreckers, Inc.,* 62 Haw. 222, 235 n. 13, 615 P.2d 730, 739 n. 13 (1980) (emphasis added). Thus, Hawaii has clearly decided that a speeding violation does not constitute a

criminal offense. This decision precludes the assimilation of that law under the Act which "incorporates into federal law *only the criminal law* of the jurisdiction within which the enclave exists." *Best,* 573 F.2d at 1098 (emphasis added).

## B.

The government, however, argues that we are not bound by Hawaii's decision that speeding violations are not criminal offenses. Instead, it would have us adopt the reasoning of the district court, *see* 714 F.Supp. at 433–37, and determine whether under Hawaii law speeding violations are civil or criminal in nature. The government argues that this analysis is required by our decision in *United States v. Marcyes,* 557 F.2d 1361 (9th Cir.1977). In *Marcyes,* the defendant challenged the assimilation of a Washington public health statute prohibiting the possession of fireworks. *Id.* at 1363. The state statute, Wash.Rev. Code Ann. § 70.77.485 (Supp.1989), was nominally criminal, but we held that this fact alone did not require assimilation of that statute. *Id.* at 1364. Instead, following the Supreme Court's lead in *Johnson v. Yellow Cab Transit Co.,* 321 U.S. 383, 389 n. 8, 64 S.Ct. 622, 625 n. 8, 88 L.Ed. 814 (1944), we concluded that "Congress did not intend to include the penal provisions of a state regulatory system within the [Act]." 557 F.2d at 1364. Otherwise, "a state could thereby enforce its regulatory system on the federal jurisdiction by making criminal any failure to comply with those regulations." *Id.* We then analyzed whether the state law at issue was either regulatory or prohibitory in nature. *Id.* Concluding that the state law was "prohibitory rather than regulatory," we affirmed its assimilation into the Act. *Id.*

■ The government contends that we should apply this same regulatory/prohibitory distinction in this case. This argument, however, misreads our holding in *Marcyes.* Although *Marcyes* made clear that the Act does not require assimilation of all state laws that the state has identified as criminal, it did not hold that the Act allows assimilation of a state's law despite

the state's determination that the law does not constitute a crime. The concern underlying *Marcyes,* that a state could enforce its entire regulatory system on federal property by making criminal the failure to obey its regulations, is simply not present when a state determines that a statute is not criminal. On the contrary, the *Marcyes* analysis is applicable only when the state has interpreted its statute as criminal. Moreover, to adopt the government's reading of *Marcyes* would obviate the standard we articulated in *Best:* that the Act "incorporates into federal law *only the criminal law* of the jurisdiction within which the enclave exists." *Best,* 573 F.2d at 1098 (emphasis added). Thus, we need not engage in *Marcyes's* prohibitory/regulatory analysis. Instead, we conclude that a state statute may not be assimilated into the Act when a state has determined that the statute sought to be assimilated is not criminal. *Best,* 573 F.2d at 1098; *accord United States v. Rowe,* 599 F.2d 1319, 1320 (4th Cir.1979); *United States v. Hollinshead,* 616 F.Supp. 160, 161–62 (D.Haw.1985).

The government further contends that since other circuits have determined that state traffic laws are assimilated under the Act, *see United States v. McMillan,* 820 F.2d 251, 254 (8th Cir.), *cert. denied,* 484 U.S. 898, 108 S.Ct. 234, 98 L.Ed.2d 193 (1987); *United States v. Pino,* 606 F.2d 908, 915 (10th Cir.1979), a contrary decision on our part will create an intercircuit conflict. We disagree. Neither of the decisions cited by the government assist us since they simply assume assimilation without analyzing whether the state statute at issue is criminal or noncriminal. More importantly, the government's argument overlooks the fact that the assimilation determination is rooted in an analysis of state law. Although we, like our sister circuits, ask the same question under the Act, i.e. is the state statute criminal and therefore assimilated, our analysis of that question can lead to a different answer under a different state law.

Finally, the government argues that failing to assimilate Hawaii's traffic laws would render the Act and its conformity

policy meaningless because a defendant could not be prosecuted in federal court for the identical offense on the roads in the federal enclave that he may have only moments before perpetrated on state roads. But, as the government itself recognizes in its brief, 32 C.F.R. § 634.4(c)(4) (1989) ensures that a state's traffic laws will be assimilated even if they are not crimes pursuant to state law. The regulation provides that "[i]n those states where traffic law offenses cannot be assimilated on the installation under 18 U.S.C. § 13 because such traffic law violations are not criminal offenses, such state vehicular and pedestrian traffic laws are expressly adopted and made applicable to the military installation." 32 C.F.R. § 634.4(c)(4) (1989). Thus, our conclusion that speeding violations pursuant to Haw.Rev.Stat. § 291C–102 are not assimilated will not necessarily have a disruptive effect on the enforcement of speeding laws in federal enclaves in Hawaii. In the future, violators may simply be charged pursuant to section 634.4(c)(4) rather than under the Act.

We therefore hold that because under Hawaii law speeding violations do not constitute crimes, they may not be assimilated under the Act. Accordingly, we conclude that the magistrate lacked jurisdiction under the Act.

### III

Anticipating our conclusion that the speeding violation cannot be assimilated, the government contends that there is a second basis of jurisdiction and argues that Carlson's conviction should still be affirmed under 32 C.F.R. § 634.4(c)(4). As discussed immediately above, this regulation can provide jurisdiction. This argument, however, is not properly before us because the government failed to raise it in the trial court.

■ Our general rule is that we will not consider issues raised for the first time on appeal. *United States v. Rubalcaba,* 811 F.2d 491, 493 (9th Cir.) (*Rubalcaba*), *cert. denied,* 484 U.S. 832, 108 S.Ct. 107, 98 L.Ed.2d 66 (1987); *Bolker v. Commission-*

er, 760 F.2d 1039, 1042 (9th Cir.1985) (*Bolker*); *United States v. Patrin,* 575 F.2d 708, 712 (9th Cir.1978) (*Patrin*). In *Patrin,* we refused to hear the government's new argument on appeal under similar facts. There, the district court concluded that the defendants had violated 18 U.S.C. § 111, which makes it unlawful to assault certain federal employees designated in 18 U.S.C. § 1114. Section 1114, in turn, defines two categories of federal employees. The district court concluded that the assaulted employees fell within the category which the government asserted. We decided, however, that the employees were not within that category and that therefore the district court lacked subject matter jurisdiction. *Id.* at 713–14. On appeal, the government attempted to argue that jurisdiction nevertheless existed because the federal employees fit into section 1114's other category. We refused to entertain this alternative basis of jurisdiction. *Id.* at 712–13.

■ We, likewise, reject the government's argument here, unless it falls within one of the narrow exceptions we have recognized to our general rule that an issue may not be raised for the first time on appeal. *See Rubalcaba,* 811 F.2d at 493; *Bolker,* 760 F.2d at 1042; *Patrin,* 575 F.2d at 712. We have held that we may consider an issue raised for the first time on appeal if (1) there are "exceptional circumstances" why the issue was not raised in the trial court, (2) the new issue arises while the appeal is pending because of a change in the law, or (3) the issue presented is purely one of law and the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court. *See Rubalcaba,* 811 F.2d at 493; *Bolker,* 760 F.2d at 1042; *Patrin,* 575 F.2d at 712.

None of these exceptions is applicable in this case. The government has failed to show any "exceptional circumstances" why the issue was not raised in the trial court. There has been no recent change in the law during the pendency of this appeal. Finally, the government has not convinced us that Carlson would not have advanced dif-

**1350**

ferent factual and legal arguments if the government had attempted to rely on section 634.4(c)(4) in the trial court. Indeed, Carlson specifically contends that he could have raised a different defense had he actually been charged under the regulation. He argues that pursuant to 40 U.S.C. § 318a any rule promulgated for the governing of federal property, including section 634.4(c)(4), must "be posted and kept posted in a conspicuous place on such Federal property," and that because he was not charged under the regulation in the trial court, he was unable to present evidence or argue that this posting requirement, a statutory prerequisite to prosecution under the regulations, had not been satisfied. Therefore, because the government's failure to raise the issue in the trial court is not excused by virtue of our recognized exceptions, we follow our general rule and refuse to consider the government's argument regarding the applicability of 32 C.F.R. § 634.4(c)(4).

REVERSED.