### UNITED STATES of America, Plaintiff,

v.

### John GOLDEN, Esquire, pro se, Defendant.

### Crim. No. 93–271 (CSF).

United States District Court, D. New Jersey.

June 29, 1993.

Michael Chertoff, U.S. Atty. by E. Bradford Bales, Captain, U.S. Army Sp. Asst. U.S. Atty., Fort Monmouth, NJ, for plaintiff.

John A. Golden, pro se.

CLARKSON S. FISHER, Senior District Judge.

This case involves a motor vehicle speeding violation on a United States military base, where the government attempts to charge defendant, John Golden, pursuant to the Assimilative Crimes Act, 18 U.S.C. § 13 (1988), and N.J.S.A. § 39:4–98 (1990). For the following reasons defendant's motion to dismiss is granted.

I

On October 13, 1992, defendant, John Golden, was operating his motor vehicle in a southerly direction on Pearl Harbor Road, Fort Monmouth, New Jersey. After passing a marked military police car, defendant was stopped for driving at an excessive rate of speed.

Pursuant to 28 U.S.C. §§ 636(c)(1)–(2) (Supp.1992), defendant refused the jurisdiction of a United States magistrate judge. From this refusal, the instant matter came before this court.

At trial the government put forward the following, inter alia: (1) that defendant was operating his motor vehicle at a speed of .38 m.p.h. in a 25 m.p.h. speed zone; (2) that this court has jurisdiction over the instant matter, as the alleged violation occurred on a United States military base under the exclusive jurisdiction of the federal courts; and (3) that this court additionally has jurisdiction pursuant to the Assimilative Crimes Act, 18 U.S.C. § 13 (1988), which incorporates a state's criminal code on federal enclaves.

Defendant, appearing pro se, contends that the area in which he was stopped had inconsistent speed limit markings. Defendant also made a post-trial motion to dismiss the government's information for lack of subject matter jurisdiction. The court's analysis will address only defendant's motion to dismiss.

II

The Assimilative Crimes Act ("the Act") is generally used to charge defendants when criminal acts are committed on federal territories and there is no existing federal criminal law. It provides, in pertinent part:

(a) Whoever within or upon any [federal enclave], is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State ... in which [the federal enclave] is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment.

United States v. Carlson, 900 F.2d 1346, 1347 (9th Cir.1990) (citing 18 U.S.C. § 13 (1988)).

The Act, at first glance, would make all New Jersey state laws applicable to the Fort Monmouth site. However, it has been interpreted to incorporate only a state's criminal legislation. Id.; United States v. Best, 573 F.2d 1095 (9th Cir.1978); United States v. Rowe, 599 F.2d 1319 (4th Cir.1979).

III

In United States v. Carlson, the defendant was stopped at a military installation in Hawaii for operating his motor vehicle at 36 m.p.h. in a 25 m.p.h. zone. 900 F.2d at 1347. The defendant was charged with speeding pursuant to Haw.Rev.Stat. § 291C–102 and 291C–161 (1988). Id. Jurisdiction was

based in the federal courts pursuant to the Act, 18 U.S.C. § 13 (1988). *Id.*

A magistrate judge ordered the defendant to pay an $11.00 fine after a bench trial. *Id.* The defendant then filed a motion for reconsideration based on lack of jurisdiction, which was rejected. *Id.*

The decision of the magistrate was affirmed by a district court in a published opinion and order. *United States v. Carlson,* 714 F.Supp. 428 (D.Haw.1989). The court held that Hawaii's speeding law was criminal in nature and, therefore, jurisdiction in a federal court was proper pursuant to the Assimilative Crimes Act. *Id.* at 437.

The Ninth Circuit Court of Appeals reversed the defendant's conviction on the jurisdictional question. The appeals court held that, under Hawaii law, speeding was a "violation" and that "violations" under Hawaii's penal code did not constitute crimes. The court concluded, therefore, that the federal court lacked jurisdiction to hear the case under the Assimilative Crimes Act. *Carlson,* 900 F.2d at 1349.

In *United States v. Best,* the defendant was convicted of driving a vehicle on McClellan Air Force Base (a federal enclave in California) while under the influence of alcohol, in violation of California Vehicle Code § 23102(a) (current version at § 23152). Jurisdiction was based in the federal courts pursuant to the Assimilative Crimes Act, 18 U.S.C. § 13 (1988). *Best,* 573 F.2d at 1097.

A magistrate judge sentenced Best to serve ten days in jail, levied a $350.00 fine, and ordered a suspension of defendant's driver's license for six months. *Id.* Best moved to correct the sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure, on the ground that the magistrate lacked the power to suspend his driver's license. *Id.* The motion was denied, and that denial was affirmed by a district court. *United States v. Best,* 434 F.Supp. 1153 (E.D.Cal.1977).

The Ninth Circuit Court of Appeals reversed the suspension of Best's driver's license. *Best,* 573 F.2d at 1103. The court held that the Assimilative Crimes Act incorporates only the criminal laws of the jurisdiction in which the enclave sits. *Id.* at 1100.

The Court also noted that an order of suspension is not penal in nature, but rather, is a regulatory measure. *Id.* Indeed,

> The suspension of or revocation of a license is not penal; its purpose is to make the streets and highways safe by protecting the public from incompetence, lack of care, and wilful disregard of the rights of others by drivers.

*Id.* (quoting *Beamon v. Department of Motor Vehicles,* 180 Cal.App.2d 200, 4 Cal.Rptr. 396, 403 (1960)).

In *United States v. Rowe,* the defendant appealed his conviction for driving under the influence of alcohol and refusing to take a breathalyzer test, in violation of Va.Code Ann. §§ 18.2–266 and 18.2–268 (current version at § 2–268.2). 599 F.2d at 1320. Both offenses occurred at the Norfolk Naval Station (a federal enclave in Virginia). *Id.* The Fourth Circuit reversed the conviction of the breathalyzer charge, holding that the refusal to submit to a blood test "is administrative and civil, not criminal, in nature." *Id.* Accordingly, this offense could not be prosecuted under the Assimilative Crimes Act. *Id.*

### IV

Defendant Golden argues that the New Jersey courts have clearly and unambiguously decided that motor vehicle violations such as speeding are not criminal offenses. Defendant urges, therefore, according to the *Carlson, Best* and *Rowe* decisions, that the information charging him with a state civil offense, based in the federal courts pursuant to the Assimilative Crimes Act, must be dismissed.

Defendant cites *State v. Hammond,* 118 N.J. 306, 571 A.2d 942 (1990), to support his contention that motor vehicle violations are not criminal offenses under New Jersey law. In *Hammond,* the New Jersey Supreme Court denied a defendant the use of an involuntary intoxication defense to a charge of drunk driving. The Court reasoned that, since motor vehicle offenses did not constitute crimes, the use of a criminal defense was impermissible. *Id.* at 318, 571 A.2d 942. *See State v. Walten,* 241 N.J.Super. 529, 575 A.2d 529 (App.Div.1990) (court held that motor

vehicle charges are quasi-criminal in nature, and are not "offenses" under the code of criminal justice); see also State v. Newman, 223 N.J.Super. 284, 538 A.2d 820 (App.Div. 1988).

V

The government makes various arguments in opposition to defendant's motion to dismiss. First, the government avers that defendant's motion should be denied because the sentencing provision of N.J.S.A. § 39:4–98 provides for a possible term of imprisonment of fifteen days, and such should therefore be read as a criminal prohibitory law, rather than a civil regulatory law. In support of its argument, the government cites United States v. Manning, 700 F.Supp. 1001 (W.D.Wis.1988).

The defendant in Manning was charged under Wis.Stat. § 346.63(1)(a) and the Assimilative Crimes Act, for operating a motor vehicle on a military reservation while intoxicated. Id. The Wisconsin court allowed the charge of drunk driving to be assimilated under the Act, even though the sentencing provision imposed only civil penalties for a first offense. Id. The court reasoned that even though there was no term of imprisonment for first-time offenders, the Wisconsin statute served a criminal prohibitory purpose, and as such could be assimilated under the Act. Id.

Secondly, the government avers that Carlson is distinguishable from this case, on the basis that the state laws in question do not carry similar sentencing schemes. The court in Carlson noted that under Hawaii law, speeding constituted a "violation", which does not carry with it a potential prison sentence. 900 F.2d at 1347. Conversely, the defendant at present, under New Jersey law, faces a potential fifteen-day prison term. Therefore, the government reasons, the difference in the sentencing schemes between the two state statutes distinguishes Carlson.

Thirdly, the government asks this court, in the alternative, for permission to amend its information. In particular it requests permission to replace the current charge against the defendant of a violation of the Assimilative Crimes Act, 18 U.S.C. § 13 (1988), with a violation of 32 C.F.R. § 634.25(f) (1991). This federal regulation confers jurisdiction on federal courts for all traffic law violations which are not considered criminal offenses under a state's laws.

VI

In response to the government's first argument, the court in Manning faced quite a different situation from the case at bar. In Manning, dismissal of the complaint against the defendant would have effectively eliminated prosecution of first-time drunk driving offenses on federal enclaves in Wisconsin. Indeed the court notes this reasoning as a key rationale behind its holding. 700 F.Supp. at 1004. However, in light of the revisions in the Code of Federal Regulations, this court is not presented with a similar situation. Indeed, the Code expressly provides for prosecution of motor vehicle violations in states where such offenses cannot be prosecuted under the Act. 32 C.F.R. § 634.-25(f) (1991). Therefore, future violators of motor vehicle offenses could simply be charged pursuant to section 634.25(f), rather than the Act.

In response to the government's second argument, i.e. that Carlson should be distinguished, this court finds that such decision should be given substantial weight. The Carlson court, although finding that pursuant to Hawaii law "violations" do not carry with them potential prison sentences, held that motor vehicle offenses in Hawaii do not constitute crimes, and as such could not be incorporated under the Act. 900 F.2d at 1347.

Similarly, New Jersey courts have clearly and unambiguously held that motor vehicle offenses do not constitute crimes. Indeed, "crimes," as defined by New Jersey State Criminal Code, are those offenses for which a sentence of imprisonment in excess of six months is authorized. N.J.S.A. § 2C:1–4(a). Therefore, the charge against the defendant could not constitute a crime as defined by New Jersey's own criminal code, irrespective of the potential fifteen-day prison sentence for speeding. As such, the use of the Assimi-

lative Crimes Act to obtain federal court jurisdiction is improper.

 Finally, in response to the government's request to amend the information against the defendant, that request is denied. Generally, leave to amend pleadings should be freely given when justice so requires. Fed.R.Civ.P. 15(a). However, leave to amend may be denied where, *inter alia,* there is undue delay or undue prejudice to the opposing party. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Heyl and Patterson Int'l, Inc. v. F.D. Rich Housing of the Virgin Islands, Inc.,* 663 F.2d 419, 425 (3rd Cir.1981), *cert. denied,* 455 U.S. 1018, 102 S.Ct. 1714, 72 L.Ed.2d 136 (1982); *Harrison Beverage Co. v. Dribeck Importers, Inc.,* 133 F.R.D. 463, 468 (D.N.J.1990).

In the case at bar, the court finds that the government's request to amend the information after defendant's trial has taken place is unduly late and would unduly prejudice defendant. Therefore the government's request to amend the information is denied.

## VII

In conclusion, the Court holds that in the case at bar, the Assimilative Crimes Act, 18 U.S.C. § 13 (1988), incorporates only the New Jersey state criminal code into the jurisdiction of this court. As such, defendant's motion to dismiss is granted. An order accompanies this opinion. No costs.

## ORDER

THIS MATTER having come before the court on post-trial motion by defendant, John Golden, to dismiss the information herein; and the court having considered the written submissions and oral argument of counsel, and for good cause shown,

IT IS on this 29th day of June, 1993,

ORDERED that defendant's motion be and hereby is granted, and the information herein is dismissed with prejudice.