**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| In re: GREG V. THOMASON and DIANA THOMASON, <br><br> Debtors. <br><br>––––––––––––––––––––––––– <br><br> NICHOLAS A. THOMASON; et al., <br><br> Appellants, <br><br> v. <br><br> GREG V. THOMASON; et al., <br><br> Appellees. | No. 09-60032 <br><br> BAP No. 09-1000-MoDH <br><br> MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Montali, Dunn, and Hollowell, Bankruptcy Judges, Presiding

Submitted December 19, 2011[**]

––––––––––––––

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Accordingly, we grant Appellants' motion to submit this case on the briefs.

Before:    GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Nicholas, Sandra, Byron, and Marilynn Thomason appeal pro se from the judgment of the Bankruptcy Appellate Panel ("BAP") affirming the bankruptcy court's denial of their Fed. R. Civ. P. 60(b)(6) motion for a new trial in their adversary proceeding against debtors Greg and Diana Thomason. We have jurisdiction under 28 U.S.C. § 158(d). We independently review the bankruptcy court's decision, *Levander v. Prober (In re Levander)*, 180 F.3d 1114, 1118 (9th Cir. 1999), and we affirm.

The bankruptcy court did not abuse its discretion by denying Appellants' Rule 60(b)(6) motion alleging fraud upon the court. *See Levander v. Prober (In re Levander)*, 180 F.3d 1114, 1119 (9th Cir. 1999) (explaining that non-disclosure of evidence or perjury does not, by itself, generally constitute fraud upon the court).

Appellants have not shown a basis for recusal of the bankruptcy court judge. *See* 28 U.S.C. § 455(b)(2) (explaining the grounds for recusal based on an association from prior practice).

We decline to consider arguments concerning fraud upon the court that Appellants raised for the first time on appeal. *See United States v. Carlson*, 900 F.2d 1346, 1349 (9th Cir. 1990).

Appellants' contentions regarding the bankruptcy court's jurisdiction are unpersuasive because this appeal only divests the bankruptcy court of jurisdiction over matters directly involved in the appeal. *See Sherman v. SEC (In re Sherman)*, 491 F.3d 948, 967 (9th Cir. 2007) ("If a party wants to stay all of the proceedings in bankruptcy court while an appeal is pending, it must file a motion for a stay.").

**AFFIRMED.**

09-60032