**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

DEC 14 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID LEDESMA RAMIREZ,<br><br>             Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>             Respondent. | No. 22-1880<br><br>Agency No.<br>A087-967-511<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 11, 2023[**]
San Francisco, California

Before: GOULD, KOH, and DESAI, Circuit Judges.

David Ledesma Ramirez, a citizen of Mexico, petitions this court for review

of the Board of Immigration Appeals ("BIA") decision affirming the immigration

judge's ("IJ") denial of withholding of removal. On appeal to the BIA, Mr. Ramirez

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

argued that the IJ erred by finding no nexus between his alleged fear of persecution and a protected ground. The BIA affirmed the IJ's decision, finding no clear error. We have jurisdiction under 8 U.S.C. § 1252. We grant the petition and remand for proceedings consistent with this disposition.

We review whether the BIA applied the correct standard of review de novo. *Soto-Soto v. Garland*, 1 F.4th 655, 659 (9th Cir. 2021). The BIA concluded that the IJ's nexus determination was not clearly erroneous and that Mr. Ramirez failed to meet his burden of proof for withholding of removal. But following the BIA's decision and the briefing in this case, this court held that the BIA must review the IJ's ultimate nexus determination de novo.[1] *Umana-Escobar v. Garland*, 69 F.4th 544, 552–53 (9th Cir. 2023). Like in *Umana-Escobar*, the BIA's decision here provides "insufficient indication . . . that the BIA's clear error review pertained to the IJ's factual determinations relating to the lack of persecutory motive, as opposed to the ultimate nexus determination." *Id.* Thus, remand is required so the BIA can apply the proper standard of review. *Id.*

The petition is **GRANTED AND REMANDED**.[2]

---

[1]    We can exercise discretion to consider this issue even if it was forfeited. *See United States v. Carlson*, 900 F.2d 1346, 1349 (9th Cir. 1990) (holding courts may consider waived issue that "arises while the appeal is pending because of a change in the law"); *Wong v. Flynn-Kerper*, 999 F.3d at 1214 n.11 (9th Cir. 2021) (holding courts may consider waived issue that is pure question of law).

[2]    The parties shall bear their own costs.