958 F.2d 378
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ramon BARAJAS, Defendant-Appellant.
 No. 89-50187.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 13, 1992.*
Decided March 18, 1992.
 
 Before JAMES K. BROWNING, POOLE and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ramon Barajas appeals from his sentence, following conviction on a guilty plea, for conspiracy to possess with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846. Barajas contends that the government violated his plea agreement, and that he should be resentenced following specific performance of the plea bargain. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 "Issues not presented to the trial court cannot generally be raised for the first time on appeal." United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991). We may make an exception to this general rule " 'if (1) there are "exceptional circumstances" why the issue was not raised in the trial court, (2) the new issue arises while the appeal is pending because of a change in the law, or (3) the issue presented is purely one of law and the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court.' " Id. (quoting United States v. Carlson, 900 F.2d 1346, 1349 (9th Cir.1990)). We may also review an issue raised for the first time on appeal for plain error. Id. A claimed breach of a plea agreement generally poses factual questions, and "is the sort of claim which a defendant ordinarily will recognize immediately and should be required to raise when the alleged breach can still be repaired." Id. at 558, 560.
 
 
 4
 Here, Barajas was indicted in three counts of drug trafficking activity, one of which (Count 3) carried a five-year mandatory minimum term of incarceration. He entered into an agreement pursuant to which he entered guilty pleas to Counts 1 and 3 and the government dismissed Count 2. Barajas agreed to cooperate with the government, and the government agreed to dismiss either Count 1 or Count 3 prior to sentencing, depending on the degree of cooperation. Although government agents never interviewed Barajas, the government nonetheless moved for dismissal of Count 3 and Barajas was convicted and sentenced only for Count 1, which carries no mandatory minimum. The district court sentenced him to 88 months incarceration, at the midway point of his Sentencing Guidelines range.
 
 
 5
 On appeal, Barajas contends that the government's failure to meet with him deprived him of the benefit of his plea bargain, because his cooperation could have led to the government's recommendation for a departure below the Guidelines range. This claim presents a question of fact, and Barajas has not indicated any exceptional circumstance or change in the law which would excuse his failure to raise the claim before the district court. Therefore, we review only for plain error. See Flores-Payon, 942 F.2d at 558.
 
 
 6
 The record reveals that the government promised only to dismiss Count 1 or Count 3 in return for Barajas' cooperation, and made no promise to recommend a downward departure. Barajas was advised that he would face a maximum sentence of 40 years incarceration even if the government dismissed Count 3 and eliminated the mandatory minimum. The government did in fact dismiss Count 3 despite the fact that Barajas was unable to provide any cooperation. Therefore, the district court committed no plain error by sentencing Barajas within the applicable Guidelines range. See id. at 560.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3