990 F.2d 1265
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
George Paul SALEMO, Defendant-Appellant.
 Nos. 92-10029, 92-15170.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 8, 1993.
Decided March 25, 1993.
 
 1
 Before: PREGERSON and BEEZER, Circuit Judges, and TAKASUGI, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 In consolidated appeals, George Paul Salemo claims the district court erred in sentencing him to 176 months following his plea of guilty to two counts of wire fraud and three counts of using a false social security number. Because the district court failed to inform Salemo of the maximum sentence possible under Salemo's plea agreement as required by Rule 11 of the Federal Rules of Criminal Procedure, we vacate the plea and remand for further proceedings.
 
 
 4
 * As an initial matter, we accept the corrected version of the transcript and deny defendant Salemo's Motion to Disallow Proposed Change in the Record. The district court has authority under Rule 10(e) of the Federal Rules of Appellate Procedure to correct the transcript. Moreover, our decision today would be the same under either version of the transcript.
 
 
 5
 At the hearing in which Salemo pleaded guilty, the district court informed Salemo that "[e]ach of these offenses to which you are pleading guilty today could be punished by imprisonment of up to five years, or by a fine of up to $250,000, or by a combination of both time and a fine." The government concedes that the court did not specifically inform Salemo that he faced a maximum prison term of 25 years, or that the court had authority to depart upward from the Guidelines under some circumstances.
 
 
 6
 Salemo claims the statement by the district court does not satisfy the requirements of Rule 11. Although this issue was not raised before the district court, " 'the issue presented is purely one of law and the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court.' " United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991) (quoting United States v. Carlson, 900 F.2d 1346, 1349 (9th Cir.1990)).
 
 
 7
 Rule 11(c) of the Federal Rules of Criminal Procedure requires that the district court "determine that the defendant understands ... the maximum possible penalty provided by law." See Rodriguera v. United States, 954 F.2d 1465, 1468 (9th Cir.1992). The defendant must also understand that the court, although "required to consider any applicable sentencing guidelines," nevertheless "may depart from those guidelines under some circumstances." Fed.R.Crim.P. 11(c). We agree with Salemo that, by not determining whether Salemo understood he faced a maximum sentence totalling twenty-five years, the district court failed to comply with the requirements of Rule 11.
 
 
 8
 Rule 11(h) further provides that "[a]ny variance from the procedures required by this rule which does not affect substantial rights shall be disregarded." The government argues that no substantial rights were violated because Salemo knew he faced a possible maximum of 25 years: the plea agreement which Salemo signed stated that each of the five counts was punishable by a maximum of five years imprisonment. The plea agreement, however, is no clearer than the statement of the district judge. Absent evidence that Salemo knew he faced a total of twenty-five years in prison, we hold the error of the district court affected Salemo's substantial rights.
 
 II
 
 9
 Because the plea was not properly taken, it is unnecessary to reach the remainder of Salemo's claims regarding his sentence. Salemo's plea is VACATED and the case is remanded to the district court for proceedings consistent with this decision.
 
 
 
 *
 Honorable Robert M. Takasugi, District Judge, Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3