993 F.2d 887
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mario TORREZ-MARTINEZ, Defendant-Appellant.
 No. 92-50094.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 2, 1993.*
Decided May 11, 1993.
 
 Before: D.W. NELSON, BRUNETTI, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Mario Torrez-Martinez ("Torrez") pleaded guilty to one count of illegal transportation of aliens, in violation of 8 U.S.C. § 1324(a)(1)(B). The district court twice sentenced him, and twice the sentence was remanded. Torrez appeals from the district court's third sentence. We reverse and remand for resentencing.
 
 
 3
 * On March 19, 1988, Torrez was arrested, after a high-speed chase and a scuffle with law enforcement officers, for transporting 13 illegal aliens in the back of a 1973 Buick. We vacated his sentence based on our finding that the Sentencing Guidelines were unconstitutional. Subsequently, the Supreme Court remanded for resentencing based on its holding in Mistretta v. United States, 488 U.S. 361 (1989), that the Guidelines were constitutional.
 
 
 4
 On remand, the district court adopted the recommendations of the presentence report, which had found the base offense level to be nine under U.S.S.G. § 2L1.1(a)(2) and recommended a downward adjustment to seven for acceptance of responsibility. Because Torrez's criminal history category was III, the resulting guideline range was four to ten months. However, the probation officer recommended an upward departure to 42 months because of Torrez's actions in engaging in a high-speed chase, abandoning the rolling car, and using false names and birth dates in past arrests. The district court sentenced Torrez to 42 months in custody and a three-year term of supervised release.
 
 
 5
 On appeal, we affirmed in part, reversed in part, and remanded in a memorandum disposition filed on August 22, 1991. We found, pursuant to United States v. Lira-Barraza, 941 F.2d 745 (9th Cir.1991) (en banc), that (1) the district court had legal authority to depart and that the circumstances upon which the departure was based were not taken into account by the Sentencing Commission; (2) the circumstances were supported by the district court's factual findings; but that (3) the district court failed to state its reasons for the extent of the departure. We therefore remanded for the district court to state its reasons for the extent of the departure.
 
 
 6
 On remand, the district court explained the extent of departure by analogizing Torrez's offense to operating a common carrier under the influence of alcohol or drugs, noting that such offense has a base offense level of thirteen in contrast to the base offense level of nine for § 2L1.1. It then added six offense levels under § 3C1.2 for reckless endangerment, concluding that three separate categories of persons were endangered: the aliens, the law enforcement officers, and the public. After subtracting two levels for acceptance of responsibility, he arrived at the final adjusted offense level of 17. Combined with Torrez's criminal history category of III, this resulted in a guideline range of 30 to 37 months. Concluding that it could not justify the original 42 month sentence, the district judge sentenced Torrez to 37 months' incarceration plus three years' supervised release, and credited the five-month difference between the original sentence (42 months) and the new sentence (37 months) towards the supervised release term. Torrez appeals this new sentence.
 
 II
 
 7
 We first dispose of two preliminary matters. First, the fact that Torrez was deported in April 1991 after having served his sentence of 42 months does not moot this appeal because his term of supervised release has not ended. United States v. Valdez-Gonzalez, 957 F.2d 643, 646-47 (9th Cir.1992). Second, although Torrez did not object to the new sentence at the sentencing hearing, his objection is not to any factual determinations but to the legality of the calculation methodology. We may consider an issue raised for the first time on appeal if it is purely one of law and the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court. United States v. Carlson, 900 F.2d 1346, 1349 (9th Cir.1990). Thus, we will consider the merits of Torrez's appeal.
 
 III
 
 8
 Torrez contends that the upward departure was invalid for two reasons. He argues first that "the district court mistakenly believed that the analogy to § 2D2.3 had been offered as a base offense level from which to depart upward," when in fact it had been offered "to capture the maximum departure." However, this contention is erroneous; Torrez himself suggested adding two offense levels for reckless endangerment after analogizing to the common carrier guideline base offense level. Any error in adding two offense levels for reckless endangerment was therefore invited and nonreviewable on appeal, unless reversal is necessary to "preserve the integrity of the judicial process or to prevent a miscarriage of justice." United States v. Schaff, 948 F.2d 501, 506 (9th Cir.1991). Torrez has made no such showing.
 
 
 9
 Second, Torrez argues that our decision in United States v. Hernandez-Rodriguez, 975 F.2d 622 (9th Cir.1992), prevented the district court from adding more than two levels pursuant to U.S.S.G. § 3C1.2. Under the rationale of Hernandez-Rodriguez, the district court erred in departing upward using the reasoning that three "categories" of people were endangered by the high-speed chase. Id. at 627. We see no significant distinction between an upward departure based on the endangerment of more than one "person" and one based on the endangerment of more than one "category" of persons; permitting departure in either case "would make departure the rule rather than the exception." Id. We therefore reverse and remand for resentencing in accordance with Hernandez-Rodriguez.
 
 
 10
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 3(f)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3