980 F.2d 737
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
MIDWAY FINANCE CORPORATION, LTD., Plaintiff,
v.
William H. WALTERS, Defendant,
and
United States of America, Defendant, Counter-claimant, Appellee,
Hy Moss; Rosanne Moss, Counter-defendants, Appellants.
MIDWAY FINANCE CORPORATION, LTD., Plaintiff,
v.
William H. WALTERS, and Eleanor E. Walters, Defendants,
and
UNITED STATES of America, Defendant, Counter-claimant,
Cross-claimant, Appellee,
v.
Hy MOSS and Rosanne Moss, Counter-claimant, Defendants, Appellant.
 Nos. 91-15118, 91-16428.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 4, 1992.
Decided Nov. 27, 1992.
 
 Before WALLACE, Chief Judge, and TROTT and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellants Hy and Rosanne Moss appeal the district court's grant of summary judgment in favor of the United States upholding the existence of federal tax liens on property purchased by the Mosses at a nonjudicial execution sale in 1984. The Mosses also appeal the district court's subsequent rulings both denying their motion for stay of execution pending appeal, and ordering foreclosure of the tax liens and sale of the property. We affirm.
 
 
 3
 * Appeal of the Grant of Summary Judgment
 
 
 4
 The Mosses contend the district court erred in granting summary judgment in favor of the United States for two reasons. First, the Mosses argue the federal tax liens on the property in question should be extinguished under I.R.C. § 7425(b) (1988) because the IRS had actual notice of the impending nonjudicial foreclosure sale more than 25 days prior to the sale. Second, the Mosses contend the March 27, 1984 sale of the property in question was not a nonjudicial foreclosure sale, but rather a judicial sale to which § 7425(a) applies.
 
 
 5
 Neither of these arguments, however, was presented to the district court, either in its hearing on the cross-motions for summary judgment or as part of the Mosses' motion for reconsideration. Instead, both arguments were first presented to the court in the motion for a stay pending appeal submitted after the district court had ruled on both the cross-motions for summary judgment and the Mosses' motion for reconsideration. "It is a well-established principle that in most instances an appellant may not present arguments in the Court of Appeals that it did not properly raise below." Rothman v. Hospital Service of Southern California, 510 F.2d 956, 960 (9th Cir.1975). "Nevertheless, no 'bright line rule" exists to determine whether a matter has been properly raised below. A workable standard, however, is that the argument must be raised sufficiently for the trial court to rule on it." Whittaker Corp. v. Execuair Corp., 953 F.2d 510, 515 (9th Cir.1992) (internal quotations omitted).
 
 
 6
 We may consider issues raised for the first time in the district court on a motion for reconsideration because there the district court is given "a clear opportunity to review the validity of its order." Id. However, where the issue is first raised in a motion made after the entry of the district court's final judgment, the issue "was not suitably raised below and is not properly before this Court." Rothman, 510 F.2d at 960; see also Wolf v. Banco Nacional de Mexico, S.A., 739 F.2d 1458, 1460 (9th Cir.1984) (The district court "could have held that by bypassing the issue in the summary judgment proceedings [the defendant] had forgone the opportunity to raise the issue [even in a subsequent motion to stay proceedings to enforce the judgment]."), cert. denied, 469 U.S. 1108 (1985).
 
 
 7
 Therefore, we conclude the issues now raised by the Mosses are raised for the first time on appeal. "Our general rule is that we will not consider issues raised for the first time on appeal." United States v. Carlson, 900 F.2d 1346, 1349 (9th Cir.1990). However, "[w]e have held that we may consider an issue raised for the first time on appeal if (1) there are 'exceptional circumstances' why the issue was not raised in the trial court, (2) the new issue arises while the appeal is pending because of a change in the law, or (3) the issue presented is purely one of law and the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court." Id. Here the Mosses neither contend exceptional circumstances exist which explain their failure to raise these issues in the district court, nor argue the issues should be examined now because of a change in the law.
 
 
 8
 They do, however, contend the two arguments are purely questions of law which may be raised for the first time on appeal. We may consent to consider a pure question of law when it does not affect or rely upon the factual record developed by the parties, or where the pertinent record has been fully developed. United States v. Patrin, 575 F.2d 708, 712 (9th Cir.1978). "The evident principle underlying this exception is that the party against whom the issue is raised must not be prejudiced by it. Thus, if he might have tried his case differently either by developing new facts in response to or advancing distinct legal arguments against the issue, it should not be permitted to be raised for the first time on appeal." Id.
 
 
 9
 In their motion for summary judgment, the Mosses only argued that the government's February 7, 1984 notice of federal tax liens against Walters was defective because the property already had been conveyed to Midway Finance via a quitclaim deed recorded January 27, 1984. The Mosses asserted I.R.C. § 7425(c)(1) notice was unnecessary, not because the March 27, 1984 sale was a judicial sale and thus § 7425(b) was inapplicable, but rather the tax liens were not valid as against the Mosses as subsequent purchasers of the property under § 6323(f)(4). During these proceedings in the district court, the issue of whether substantial compliance with the notice requirements of § 7425(c)(1) was sufficient was never raised. Likewise, neither of the two issues now raised on appeal were raised in the Mosses' motion for reconsideration.
 
 
 10
 In this case, we conclude the Mosses are not entitled to raise the substantial compliance and § 7425(a) arguments for the first time on appeal. By addressing these issues in this appeal, we would prevent the government from having "the opportunity to offer all the evidence they believe relevant to the issues...." Singleton v. Wulff, 428 U.S. 106, 120 (1976) (quoting Hormel v. Helvering, 312 U.S. 552, 556 (1941)). Furthermore, even if the affidavits and other evidence submitted in support of the cross-motions for summary judgment might present sufficient facts upon which the issues could be decided, which the government disputes, the government also "should have the opportunity to present whatever legal arguments [it] may have [had] in defense of the statute." Id. Here, if the two new issues were raised in the district court, the government could have put forward additional and distinct legal arguments countering the Mosses' contentions. The inefficiency of the approach used by counsel for the Mosses is manifest. The Mosses should have brought all their arguments before the district court in the hearing on the cross-motion for summary judgment.
 
 II
 Appeal of the Denial of the Motion to Stay
 
 11
 The Mosses also argue the district court erred by not granting their motion for a stay pending this appeal.
 
 
 12
 We review the district court's denial of a stay pending appeal for abuse of discretion. Lopez v. Heckler, 713 F.2d 1432, 1435 (9th Cir.1983). The standard applied by the district court for evaluating stays pending appeal "is similar to that employed by district courts in deciding whether to grant a preliminary injunction." Id.
 
 
 13
 In this circuit there are two interrelated legal tests for the issuance of a preliminary injunction.... At one end of the continuum, the moving party is required to show both a probability of success on the merits and the possibility of irreparable injury. At the other end of the continuum, the moving party must demonstrate that serious legal questions are raised and that the balance of hardships tips sharply in its favor.... In addition, in cases such as the one before us, the public interest is a factor to be strongly considered.
 
 
 14
 Id. (internal quotations omitted).
 
 
 15
 The Mosses raised both the judicial sale and the substantial compliance arguments for the first time in support of their motion for a stay pending appeal. Given the Mosses' failure to raise these arguments prior to that point in the litigation, there is no likelihood of their success on appeal because we will not reach the merits of these arguments.
 
 
 16
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3