116 F.3d 482
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anthel L. BROWN, Plaintiff-Appellant,
v.
Rick DAY, Director of the Department of Corrections; Mickey
Gamble, Director of Administration of Corrections; Craig
Thomas, Executive Secretary of the Board of Pardons; Ed
Foley, Institution Probation and Parole Officer; and
Montana State Prison, Defendants-Appellees.
 No. 96-35027.
 United States Court of Appeals, Ninth Circuit.
 Submitted August 12, 1996**.
Decided June 11, 1997.
 
 Appeal from the United States District Court for the District of Montana, No. CV 94-12-H-LBE; Leif B. Erickson, Magistrate Judge, Presiding.
 Before: BROWNING, SCHROEDER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiff-appellant Anthel L. Brown, a Montana state prisoner, filed this 42 U.S.C. § 1983 action pro se, alleging that a Montana law changing furlough eligibility requirements violates his rights under the Ex Post Facto Clause of the Constitution, U.S. Const. art. I, § 10. The Magistrate entered summary judgment in favor of defendants-appellants, various Montana prison officials. For the first time on appeal, Brown also argues that defendants applied the law in a discriminatory fashion, which resulted in a denial of equal protection. We review a grant of summary judgment de novo. See Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995), cert. denied, 116 S.Ct. 1261 (1996). We have jurisdiction of this appeal under 28 U.S.C. § 1291. We affirm.
 
 BACKGROUND
 
 3
 In 1976, Brown was sentenced to 190 years for various offenses. Under the existing Montana furlough statute, an inmate was eligible to apply for the work furlough program after serving one-half of the time required to be considered for parole. See Mont. Rev.Codes § 95-2220 (1947). In 1982, Brown was sentenced to an additional four years for the crime of escape. By 1982, Montana had converted its work furlough program into a supervised release program. See Mont.Code. Ann. § 46-23-411 (1981). Under that system, an inmate could apply for work release after serving one-half of the time required to be considered for parole "and not more than 15 months remain before he is eligible for parole." See id.
 
 
 4
 Defendants claim that because of Brown's escape conviction, he is subject to the 1981 law. Because Brown is not within 15 months of being eligible for parole, defendants have concluded that Brown is not eligible for the work-release program. Brown claims that application of the 1981 law violates the Ex Post Facto Clause. He also claims that another inmate, who was also convicted in 1982 of escape, was allowed to apply for furlough under the 1947 law. Brown asserts that the disparate treatment violates his right to equal protection guaranteed by the Fourteenth Amendment.
 
 DISCUSSION
 I. Ex Post Facto
 
 5
 The Ex Post Facto Clause prohibits laws that "retroactively alter the definition of crimes or increase the punishment for criminal acts." Collins v. Youngblood, 497 U.S. 37, 43 (1990). Brown contends the retroactive change in furlough eligibility is an increase in punishment violative of the Clause. We disagree.[1]
 
 
 6
 The Supreme Court recently reiterated that the challenged law must increase the "measure of punishment for covered crimes." California Dep't of Corrections v. Morales, 115 S.Ct. 1597, 1603. (1995). Where the sentence does not alter the length of the sentence or parole options, but merely alters the method of the prison regime, there is no ex post facto violation. Cf. id. at 1602-4 (California statute altering parole hearing from once every year to once every three years did not violate the Ex Post Facto Clause). After Morales, to state an ex post facto claim, a plaintiff must establish that the change in procedures creates "more than a speculative risk of increasing punishment." Johnson v. Gomez, 92 F.3d 964, 967 (9th Cir.1996), petition for cert. filed, 65 U.S.L.W. --- (Jan. 23, 1997) (No. 96-7641).
 
 
 7
 Here, Brown does not allege that eligibility for the furlough program would have any impact on the length of his sentence. Moreover, the Montana furlough program is a discretionary rehabilitation program, the denial of which is not an additional punishment to the underlying crime. See Mont. Rev.Codes § 95-2220 (1947) (work furlough program is discretionary). Accordingly, because Brown was not entitled to work furlough under the old law, it cannot be said that application of the new law would subject him to an increase in punishment. As Brown is unable to demonstrate that application of the new law would result in an actual increase in punishment, its application does not violate ex post facto principles.[2]
 
 II. Equal Protection
 
 8
 For the first time on appeal, Brown alleges that defendants violated his equal protection rights by employing the work release laws in a discriminatory fashion. We will not consider issues raised for the first time on appeal unless: (1) the plaintiff presents "exceptional circumstances" justifying why the claim was not raised below; (2) the new issue arose while the appeal was pending because of a change in law; or (3) the issue is purely one of law and does not depend on the factual record developed below. United States v. Carlson, 900 F.2d 1346, 1349 (9th Cir.1990).
 
 
 9
 Brown's claim does not fall within any of these exceptions. From the inception of this suit, Brown knew the facts that constitute the equal protection claim. He therefore could have raised the claim below. Although as a pro se plaintiff Brown is entitled to some leeway, he is a familiar plaintiff in § 1983 suits, and has demonstrated the ability to follow legal procedures and present cogent legal arguments. See Washington v. Garrett, 10 F.3d 1421, 1437 (9th Cir.1993) ("Although [plaintiff's] pro se status must be taken into consideration, the fact that she proceeded correctly in the other two actions indicates that she was familiar with the procedural requirements."). Accordingly, we decline to consider Brown's pro se status an "exceptional circumstance" that entitles him to circumvent the requirement of raising all claims in the district court.
 
 AFFIRMED.[3]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 It is unclear whether the application of the 1981 law to Brown constitutes a "retroactive" change, considering his 1982 escape conviction. However, even assuming arguendo that the law is retroactive, we conclude there is no ex post facto violation
 
 
 [2]
 Because of our disposition, it is unnecessary to address Brown's allegations that defendants have miscalculated his parole eligibility date
 
 
 [3]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Reform Litigation Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996)