**WHITE MEMORIAL MEDICAL CENTER, Plaintiff–Appellant,**

v.

**Tommy THOMPSON,\* Secretary, in his official capacity as Secretary of the U.S. Department of H & HS, Defendant–Appellee.**

No. 99–56935.

D.C. No. CV–98–03697–CBM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 13, 2000.

Decided March 28, 2001.

---

\* Pursuant to Fed. R.App. P. 43(c), Tommy Thompson is automatically substituted as a party respondent for Donna E. Shalala.

Before RYMER, T.G. NELSON, and WARDLAW, Circuit Judges.

MEMORANDUM **

White Memorial Medical Center ("WMMC") appeals from the award of summary judgment on its petition for judicial review of a final decision of the Administrator (the "Administrator") of the Health Care Financing Administration (the "HCFA"), acting for the Secretary of Health and Human Services, Tommy Thompson (the "Secretary").[1] WMMC also appeals the denial of its Federal Rule of Civil Procedure 59(e) motion to reconsider. WMMC challenges the Administrator's ruling that to obtain premium reimbursements as Graduate Medical Education ("GME") Medicare expenses,

the hospital must purchase a separate malpractice insurance policy to cover its interns and residents and not simply obtain separate coverage under its preexisting blanket policies. WMMC claims that the district court erred in affirming the Administrator's decision because it establishes an arbitrary and capricious policy that is unlawfully retroactive. WMMC also claims the district court abused its discretion by allowing the Secretary to submit a memorandum regarding the allocation of malpractice insurance costs to GME expenses by hospitals in Wisconsin.

We have jurisdiction under 28 U.S.C. § 1291 and we affirm. Because the parties are familiar with the underlying facts, we recount them only as necessary to explain our disposition.

I. Administrative Procedure Act Challenge

■ WMMC contends that the Secretary's policy was impermissibly established through two administrative statements that the Secretary issued in 1990—namely the Instructions for Implementing Program Payments for Graduate Medical Education (the "1990 Audit Instructions") and the Questions and Answers Pertaining to Graduate Medical Education (the "Question and Answers"). It is undisputed that these documents are administrative interpretations of the 1986 GME Amendment. Under 42 U.S.C. § 1395oo (f), our review of the Secretary's policy, as presented in these interpretive statements, is governed by the Administrative Procedure Act ("APA"), codified at 5 U.S.C. § 701, et seq., which requires us to set aside an agency action that is "arbitrary, capricious, an abuse of discretion or otherwise not in

---

** This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1.  Because the Administrator affirmed a statutory interpretation of the Secretary, we also refer to the Administrator's decision as the "Secretary's policy."

accordance with law," or "unsupported by substantial evidence." 5 U.S.C. §§ 706(2)(A) & 706(2)(E); *see French Hosp. Med. Ctr. v. Shalala,* 89 F.3d 1411, 1416 (9th Cir.1996); *Vista Hill Found., Inc. v. Heckler,* 767 F.2d 556, 559 (9th Cir.1985). We must, however, accord substantial deference to the Secretary's interpretation of her own regulations, *see Thomas Jefferson Univ. v. Shalala,* 512 U.S. 504, 512, 114 S.Ct. 2381, 129 L.Ed.2d 405 (1994); *French Hosp.,* 89 F.3d at 1416, and "provided [the interpretation] does not violate the Constitution or a federal statute, it must be given 'controlling weight unless it is plainly erroneous or inconsistent with the regulation.'" *Stinson v. United States,* 508 U.S. 36, 45, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993) (quoting *Bowles v. Seminole Rock & Sand Co.,* 325 U.S. 410, 414, 65 S.Ct. 1215, 89 L.Ed. 1700 (1945)).

■ During the 1984–base year, WMMC insured all its employees under two malpractice insurance policies purchased through the General Conference Corporation of the Seventh–Day Adventists, but at no time did the hospital secure a separate malpractice policy for its interns and residents. WMMC claims that it did not need to obtain separate policies because there is no substantive difference between procuring additional coverage under its existing blanket malpractice policies and purchasing another insurance policy for its interns and residents. To do so, argues WMMC, "elevate[s] form over substance" and is irrational, arbitrary, and capricious.

■ However, in light of the deference we accord the Secretary when reviewing his interpretation of a Medicare statute, we find that the Secretary's policy is reasonable. As the Supreme Court instructs us, "When a challenge to an agency construction of a statutory provision, fairly conceptualized, really centers on whether it is a reasonable choice within the gap left open by Congress, the challenge must fail." *Chevron, USA, Inc. v. Natural Res. Def. Council,* 467 U.S. 837, 865, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). Our task is to determine whether the Secretary's interpretation "is based on a permissible construction of the statute" and to "not simply impose [our] own construction on the statute." *Id.* at 843.

WMMC also contends that the Secretary's policy is arbitrary because it has been inconsistently applied.[2] The Supreme Court has found that shifts in policy are not fatal to the legitimacy of an administrator's interpretation. *See Chevron,* 467 U.S. at 863 ("The fact that the agency has from time to time changed its interpretation … does not … lead us to conclude that no deference should be accorded the agency's interpretation of the statute."); *id.* at 863–64 ("[An] agency, to engage in informed rulemaking, must consider varying interpretations and the wisdom of its policy on a continuing basis."). Accordingly, we affirm the district court's decision that the Secretary's policy is not arbitrary and capricious or otherwise in violation of the APA.

**2.** In support of this argument, WMMC cites two Provider Reimbursement Review Board ("PRRB") decisions in which the Secretary did not review or address the PRRB's holding that a portion of blanket policy premiums could be classified as GME expenses if they were attributable to intern and resident coverage. *See Pacific Hosp. of Long Beach v. Aetna Life Ins., Co.,* PRRB Dec. No. 97–D73, June 25, 1997, Medicare & Medicaid Guide (CCH) ¶ 45,465 (Secretary chose not to review PRRB decision); *Harrisburg Hosp. v. Blue Cross & Blue Shield Assoc./Blue Cross of W. Pa.,* PRRB Dec. No. 96–D9, Feb. 15 1996, Medicare & Medicaid Guide (CCH) ¶ 44,058 (Secretary did not reach the classification issue and reversed the decision on other grounds).

## II. Retroactivity

■ Our review of the record and WMMC's motion for summary judgment reveals WMMC did not raise or develop its retroactivity claim before the district court. Because courts of appeals generally refuse to consider issues not raised below, *see Singleton v. Wulff*, 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976); *USA Petroleum Co. v. Atl. Richfield Co.*, 13 F.3d 1276, 1279 (9th Cir.1994), and WMMC's argument does not fall under one of our recognized exceptions, *see United States v. Carlson*, 900 F.2d 1346, 1349 (9th Cir.1990), WMMC has waived this claim, and we do not review it here.

## III. Admissibility of Evidence

■ Our review of the record and WMMC's motion for summary judgment also reveals that WMMC did not enter an objection to the Wisconsin memorandum at the time the cross-summary judgment motions were pending. Contrary to WMMC's argument, it did not preserve the issue for appeal simply because it raised the claim for the first time in its motion to reconsider. *See Intercontinental Travel Mktg. v. FDIC*, 45 F.3d 1278, 1286 (9th Cir.1994). Thus, WMMC waived this objection for appeal, and we decline to consider it.

## IV. Rule 59(e) Motion

The district court did not abuse its discretion in holding that WMMC failed to comply with Local Rule 7.16 because the hospital did not cite any material change in fact or law unknown at the time of the district court's decision, nor did WMMC show the district court manifestly failed to consider material facts that had been presented. C.D. Cal Ct. R. 7.16; *see Pasatiempo v. Aizawa*, 103 F.3d 796, 800–01

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

(9th Cir.1996). Therefore, we affirm the district court's denial of WMMC's Rule 59(e) motion.

AFFIRMED.