*443 Judge N. RANDY SMITH,
dissenting:
Vu raised four issues on appeal. He argues that: (1) his original petition sufficiently stated claims for relief and the amended petition could relate back to it; (2) the district court erred by not expanding the record sua sponte; (3) the district court acted in an intrinsically contradictory way by both summarily dismissing Vu’s original petition and granting a certificate of appealability; and (4) because the magistrate judge failed to follow the intent of the Habeas Rules, the district court should have accepted Vu’s amended petition as timely As the majority outlines, the first three arguments lack merit and warrant no discussion here. In my view, the fourth argument also lacks merit. I therefore dissent.
This Court has stated that, “arguments] ... raised for the first time on appeal [are] waived.” Man-Seok Choe v. Torres, 525 F.3d 733, 741 n. 9 (9th Cir.2008); see also Broad v. Sealaska Corp., 85 F.3d 422, 430 (9th Cir.1996) (“Generally, an appellate court will not hear an issue raised for the first time on appeal.”). Consistent with this precedent, Vu waived the fourth issue by not arguing it to the district court level.[1]
In response to the government’s motion to dismiss for failing to plead within the applicable statute of limitations, Vu only argued that his original complaint was sufficient for “relation back” purposes. Vu never argued that the district court should have accepted his original complaint as timely, due to the magistrate’s failure to identify deficiencies in the petition. Accordingly, the district court only addressed the issue argued to it.
This Court, however, has recognized three exceptions to the general waiver rule: “(1) there are ‘exceptional circumstances’ why the issue was not raised in the trial court, (2) the new issue arises while the appeal is pending because of a change in the law, or (3) the issue presented is purely one of law and the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court.” United States v. Carlson, 900 F.2d 1346, 1349 (9th Cir.1990). Vu’s argument does not fit any of these three exceptions.
As to the first exception, there are no “exceptional circumstances” justifying review of the issue only on appeal; nor has Vu argued any. As to the second exception, no new issue has arisen while this appeal was pending; again, Vu has not argued any. Under the third exception, this issue is not purely legal. Whether Vu detrimentally relied on the magistrate judge’s order necessarily requires some factual determinations. Moreover, Respondent is prejudiced by the Court’s considering this issue on appeal; Respondent has not had a chance to develop the factual record on this issue or brief it at the district court level.
Protecting Vu’s failure to make the argument to the district court and bypassing *444 important adversarial procedures, the majority now adopts a new exception to the waiver rule, which grants the district court the discretionary equitable power to sua sponte right alleged wrongs of a magistrate judge. Even if the district court has such a discretionary power, see Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir.2000), there is no precedent for the proposition that the Court can sua sponte exercise this power. This record does not evidence an exception to the general rule, that a court ought not make the parties’ arguments on their behalf. See In re Perez, 30 F.3d 1209, 1213 (9th Cir.1994) (“In normal adversarial litigation, neither the trial judge nor opposing counsel have the responsibility to raise issues a party fails to raise.”). If Vu now regrets not making all his arguments before the district court, he is free to seek other available legal redress. He is not free to make his arguments for the first time on appeal before this Court.
The majority asserts “the record suggests that the district court did not realize it possessed the equitable discretion to correct the magistrate judge’s [error].” There is nothing in this record suggesting such a lack of understanding on the district court’s behalf. Before the district court, Vu failed to raise the argument that the magistrate judge erred and that the district court should fix that error. Rather, Vu focused solely on arguing that his original complaint was sufficient for “relation back” purposes. Therefore, the district court, consistent with our general practice, adjudicated only the issues properly presented to it.
Because I do not believe the district court erred in adjudicating only the issues before it, I would affirm the district court on all grounds. Accordingly, I dissent from the majority’s memorandum.

. Contrary to the majority’s assertion, Kirkland did not waive his waiver argument. I disagree with the majority's characterization of the arguments in the briefs on this point. As I read the briefs, Vu argues, among other things, that because the magistrate judge did not appropriately follow the Habeas Rules, it was inequitable for the district court to find the petition untimely. Kirkland addressed this "Habeas Rules” argument in two respects. First, Kirkland argues that there is no reason the amended complaint may relate back to the original complaint, including through application of the 2004 amended Habeas Rules. Red Br. 23-25. Second, Kirkland contends that any argument that the Habeas Rules create equitable relief was waived before the district court. See Red. Br. 11-13. Therefore, I cannot conclude that Kirkland waived his waiver argument. Further, I questioned Petitioner's counsel about this very point at the hearing. Petitioner’s counsel did not make the majority's waiver of the waiver argument then and has never made it.