**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ESTATE OF MAURICIO CORNEJO, by and through its representative, Jeanette Solis; et al., | No. 12-56847 |
| Plaintiffs - Appellees, | D.C. No. 2:07-cv-03413-PLA |
| v. | MEMORANDUM* |
| CITY OF LOS ANGELES; et al., | |
| Defendants, | |
| And | |
| MATTHEW MENESES; et al., | |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Central District of California
Paul L. Abrams, Magistrate Judge, Presiding

Argued and Submitted July 8, 2015
Pasadena, California

Before: REINHARDT, FERNANDEZ, and CLIFTON, Circuit Judges.

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Mauricio Cornejo fled from Los Angeles police after he was asked out of his car during a traffic stop in February of 2007. Cornejo was not an upstanding citizen: he was a gang member with an outstanding warrant, though it is unclear if the officers knew this at the time. Regardless, during the ensuing encounter the officers beat Cornejo severely. After Cornejo was subdued, the officers failed to seek medical care for him despite his obvious injuries and difficulty breathing. By the time the officers arrived at the station with Cornejo, he was unresponsive and had to be carried into the building. After placing him in a holding cell, the officers finally summoned medical help, but Cornejo was dead by the time it arrived.

Cornejo's children, as his successors in interest, brought suit for violations of his constitutional rights actionable under 42 U.S.C. § 1983, as well as state law battery, negligence, and wrongful death claims. A jury found that Defendants had violated Cornejo's Fourth Amendment rights by using excessive force and unreasonably denying him medical care. The jury also found Defendants liable for battery, negligence, and wrongful death.

Defendants challenge the judgment on three grounds. First, they argue that the children lacked Article III standing to bring Cornejo's § 1983 claim. Second, they contend, for the first time on appeal, that the wrongful death damages should be reduced to account for Cornejo's comparative negligence. Third, Defendants

2

claim that they are entitled to qualified immunity against liability for failure to provide medical care. We reject all three claims and affirm the judgment.

State law governs who receives a decedent's § 1983 claim. 42 U.S.C. § 1988; *Robertson v. Wegmann*, 436 U.S. 584, 589 (1978). Under California law, Cornejo's claim survives his death and "passes to [his] successor in interest." Cal. Civ. Proc. Code § 377.30. Cornejo's successors in interest are the beneficiaries of his estate: his children. Cal. Civ. Proc. Code § 377.11. If an estate is formally probated, the estate's personal representative brings the decedent's legal claims. If not, the successors in interest do. Cal. Civ. Proc. Code § 377.30. The successors in interest receive the proceeds of the litigation either way.

On appeal, Defendants point out that an estate was opened for Cornejo, and thus its personal representative, Jeanette Solis, should have brought Cornejo's § 1983 claim.[1] They argue that the children therefore lack Article III standing. We reject this contention. Because the cause of action passes to the children and they receive any proceeds from the suit, they have Article III standing for the same

---

[1]Solis was still part of the litigation as a guardian ad litem for one of the children.

3

reasons that an assignee of a valid legal claim does.[2] *See, e.g.*, *Sprint Communications Co. v. APCC Servs., Inc.*, 554 U.S. 269 (2008) (assignees have Article III standing, even when they are contractually obligated to pay any recovery back to the assignors).  Defendants' challenge actually goes to prudential standing and is waived at this point.  *See Pershing Park Villas Homeowners Ass'n v. United Pac. Ins. Co.*, 219 F.3d 895, 899 (9th Cir. 2000) ("[A] party waives objections to nonconstitutional standing not properly raised before the district court.").

Defendants next assert that the wrongful death damages should be reduced to account for Cornejo's own negligence.  Defendants failed to raise this argument at the district court. Their proposed judgment awarded Plaintiffs the full wrongful death damages given in the verdict.  Likewise, they neither moved to amend the judgment, nor included this issue in their motion for judgment as a matter of law.  In fact, Defendants told the jury in their closing argument that damages would not be reduced, and conceded to the magistrate judge that they did not believe apportioning damages was appropriate in this case.  Defendants offer no

---

[2]Even if we agreed with Defendants that the children otherwise lacked Article III standing, we would conclude that the parties amended the pleadings before judgment under Rule 15(b)(2) to add Solis in her capacity as personal representative of Cornejo's estate. This would also resolve any standing issues.

convincing reason why we should consider this issue for the first time here. *See United States v. Carlson*, 900 F.2d 1346, 1349 (9th Cir. 1990). Accordingly, we conclude that Defendants waived it.

Defendants are also not entitled to qualified immunity. We review Defendants' claim *de novo*, but we view the evidence in the light most favorable to the Plaintiffs. *C.B. v. City of Sonora*, 769 F.3d 1005, 1022 (9th Cir. 2014) (en banc), *cert. denied*, 135 S. Ct. 1482 (2015). A defendant is entitled to qualified immunity if plaintiffs have not shown facts that make out a constitutional violation or if the constitutional right violated was not clearly established. *A.D. v. Cal. Highway Patrol*, 712 F.3d 446, 453-54 (9th Cir. 2013), *cert. denied sub nom.*, *Markgraf v. A.D.*, 134 S. Ct. 531 (2013). In this case, however, Plaintiffs have shown a violation of Cornejo's clearly established constitutional rights.

Defendants contend that Cornejo's right to medical care was governed by the Fourteenth Amendment and that liability was limited to cases in which officers were deliberately indifferent to medical needs. This is incorrect. In *Tatum v. City & County of San Francisco*, we found that suspects have a Fourth Amendment right to "objectively reasonable post-arrest [medical] care" until the end of the seizure. 441 F.3d 1090, 1099 (9th Cir. 2006). This means that officers must "seek the necessary medical attention for a detainee when he or she has been injured

5

while being apprehended by either promptly summoning the necessary medical help or by taking the injured detainee to a hospital." *Id.* (quoting *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1415 (9th Cir.1986)). Cornejo's seizure lasted at least until he arrived at the police station. *See Fontana v. Haskin*, 262 F.3d 871, 879-80 (9th Cir. 2001). The district court correctly instructed the jury under *Tatum*, and the evidence is easily sufficient to support the jury's finding that Defendants were liable on this count.

Defendants assert that *Tatum* is ambiguous about the standard for post-arrest care because it looks to *Maddox*, which did not set a firm standard. The part of *Maddox* adopted by *Tatum*, however, is plain: police must seek necessary medical attention by promptly summoning help or taking the injured arrestee to a hospital.

Defendants' violation was clearly established as well. The salient question is whether Defendants had fair notice their conduct was illegal, *Hope v. Pelzer*, 536 U.S. 730, 741 (2002), bearing in mind that fair notice is not found in the broad generality that the Fourth Amendment prohibits unreasonable seizures. *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2084 (2011). In *Tatum*, we held that the constitution required the officers to obtain medical help when the decedent's labored breathing after being handcuffed made it clear he was in distress. 441 F.3d at 1099. That conclusion is directly applicable here. Even putting the specific facts of *Tatum*

6

aside, no reasonable officer could have mistakenly believed that—contrary to his training—he did not need to obtain medical care for a man who was severely beaten in an unreasonable use of force, had clear injuries, was shaking uncontrollably, had substantial and increasing difficulty breathing, and was groaning and non-responsive.  He would not need more Ninth Circuit cases to know that ignoring those needs would violate a suspect's constitutional rights.[3]

   **AFFIRMED**.

---

[3]Indeed, even under deliberate indifference, a reasonable jury could have found Defendants liable. The evidence showed that Cornejo had a serious medical condition that a lay person would recognize needed medical attention, thus meeting the objective prong of the test.  The jury also did not believe Defendants' claims that Cornejo looked fine, because it could not have concluded that the officers unreasonably denied him care if that were true.  In light of this and the objective evidence about Cornejo's condition, a reasonable jury could have found that the officers subjectively realized that Cornejo was in great medical danger, but nevertheless failed to act, thereby meeting the subjective prong as well.