**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LOUIS A. RANDOLPH, AKA Clyde Lewis, | No.    22-15385 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-00085-MMD-CLB |
| v. | |
| BRIAN WILLIAMS, Sr.; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Submitted January 13, 2023[**]
San Francisco, California

Before:  WALLACE, SILVERMAN, and OWENS, Circuit Judges.

Louis Randolph appeals pro se from the district court's order adopting the

magistrate judge's findings and recommendation to grant Defendants' motion for

summary judgment.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

novo the district court's summary judgment.  *Toguchi v. Chung*, 391 F.3d 1051,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1056 (9th Cir. 2004).  We affirm.

Randolph alleges that while he was an inmate at the Southern Desert Correctional Center: Defendant Reyes withheld food and served spoiled food in retaliation (Count I); Defendants Harris, Ledingham, Dreesen, and Williams denied Randolph's right to freely exercise his religion by not allowing him to attend the Eid Feast as is tradition in his Muslim faith (Count II); and Defendants violated Randolph's rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA) and the First Amendment to freely exercise his religion, and discriminated against him based on religion and race in violation of the Equal Protection clause of the Fourteenth Amendment by not affording him the same religious dietary accommodations that inmates of other faiths receive (Count III). Magistrate Judge Carla L. Baldwin issued a report pursuant to 28 U.S.C. § 636(b) and Nevada district court Local Rule IB 1-4 recommending summary judgment in favor of Defendants on all counts.  After considering Randolph's timely filed objection, the district court accepted the report in part, granting summary judgment to Defendants on Counts II and III, but allowing Count I to go to a jury trial, which returned a verdict in favor of Defendants.  Randolph timely appealed, alleging that the decisions should be vacated because the law clerk did not notify Randolph that he could consent to a magistrate judge administering his case, and that he was not served notice of consent as per Local Rule 26.  He also alleges that he was prejudiced

and denied due process by having a magistrate judge make a recommendation on Counts II and III rather than a jury.

While we construe a pro se litigant's filings liberally, a brief must contain specific and distinct allegations as to how defendants violated the law. Fed. R. App. P. 28; *Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994). Although Randolph's allegations, if true, are concerning, he fails to provide specific, distinct support for his contentions that he never received notice, that did he did not consent to the magistrate judge, that the magistrate judge was biased in favor of Defendants, and that he was denied due process. In addition, Randolph raised these issues for the first time on this appeal, which generally bars them from our consideration, and no exception applies here—nor does Randolph argue that one should. *United States v. Carlson*, 900 F.2d 1346, 1349 (9th Cir. 1990).

Even if we could consider his arguments, Randolph has not demonstrated that he was prejudiced and that therefore the district court's decision should be reversed. Under 28 U.S.C. § 636(b)(1)(B) and Local Rule IB 3-2(b), a magistrate judge has the authority to oversee proceedings and submit to a district court judge proposed findings of fact and recommendations for the disposition of a motion for summary judgment. Just that occurred here: the district court adopted the submitted report in part. Though Randolph argues that he did not consent to the magistrate's ability to oversee the proceedings, and though Federal Rule of Civil Procedure 73(b)(2) allows

any party to withhold consent to proceed before a magistrate judge, Randolph at no point in the proceedings—including in his objection to the report—up until this appeal argue that he did not consent to the magistrate judge. Nor does Randolph offer a reason for any of these objections aside from the bald contention that the magistrate judge was biased.

Similarly, Randolph's claim that he was prejudiced because a judge, rather than a jury, heard Counts II and III fails because Randolph did not prove that the district court erred in accepting the magistrate's findings to grant summary judgment. A summary judgment proceeding does not deprive a losing party of the right to a jury trial. *In re Slatkin*, 525 F.3d 805, 811 (9th Cir. 2008); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) (there is no right to a jury trial where the evidence is "so one sided that one party must prevail as a matter of law.").

This appeal also appears to be the first time that Randolph argues that he was not notified or served notice that he could consent to a magistrate judge. Though we must consider as evidence a pro se plaintiff's contentions offered in their pleadings where such contentions are based on personal knowledge, Randolph offers no support for these contentions. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004). Meanwhile, we can infer from the trial court docket that Randolph was indeed provided with the magistrate judge consent form as per local rules—and, in any case,

Randolph did not appear to contest the magistrate judge's jurisdiction any time in the proceedings thereafter until this appeal.

Lastly, Randolph also offers no evidence or explanation to support his conclusory contention that Judge Baldwin was biased. "A showing of judicial bias requires facts sufficient to create actual impropriety or an appearance of impropriety," none of which Randolph demonstrated. *Greenway v. Schriro*, 653 F.3d 790, 806 (9th Cir. 2011).

**AFFIRMED.**