NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 11 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUSTIN G. REEDY, | No. 22-16214 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-00223-TLN-CKD |
| v. | |
| CALIFORNIA DEPARTMENT OF SOCIAL SERVICES; MARK GHALY, Secretary of the California Health and Human Services, in his official and individual capacity; KIM JOHNSON, Director of the California Department of Social Services, in her official and individual capacity; ELOY ORTIZ OAKLEY, Chancellor of the California Community Colleges; ANN EDWARDS, Previous Director of the Sacramento County Department of Human Assistance, in her official and individual capacity; ETHAN DYE, Acting Director of the Sacramento County Department of Human Assistance, in his official and individual capacity, | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| STATE OF CALIFORNIA; GAVIN NEWSOM, | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendants.

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted December 4, 2023[**]
San Francisco, California

Before: BRESS and JOHNSTONE, Circuit Judges, and EZRA,[***] District Judge.

Justin Reedy, now proceeding pro se, appeals the district court's dismissal of his federal and state claims against the California Department of Social Services (CDSS) and state and county officials responsible for administering the California Work Opportunity and Responsibility to Kids Act (CalWORKs) benefits program. We review de novo the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) and can affirm on any basis supported by the record. *McGinity v. Procter & Gamble Co.*, 69 F.4th 1093, 1096 (9th Cir. 2023). We assume the parties' familiarity with the facts. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Reedy's challenges to the denial of CalWORKs benefits generally proceed

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

from his view that the combination of the "parent who first applied" rule, MPP § 82-808.413(d), and a separate provision allowing "a pregnant person" to apply before their child's birth, Cal. Welf. & Inst. Code § 11450(b), locks in a sex-based preference for mothers that fathers cannot dispute or overcome.[1] Reedy argues that this creates a procedural due process problem and led to him being denied CalWORKs benefits on the basis of his sex.

But contrary to Reedy's allegations, a father can obtain individualized review of the CalWORKs benefits allocation after the child's birth by asking a state court to "specify one parent as the primary caretaker of the child . . . for the purposes of determining eligibility for public assistance." Cal. Fam. Code § 3086; *see also id.* § 3087 (permitting modification of the order upon the petition of one parent if it is in "the best interest of the child").[2] When parents sharing joint custody of an eligible

---

[1] CDSS promulgates rules and regulations governing CalWORKs eligibility. Cal. Welf. & Inst. Code § 10553(e). These rules and regulations are published in the Manual of Policies and Procedures (MPP). *See* Cal. Welf. & Inst. Code § 10554. Reedy has not clearly alleged that K.M., the mother of his child, even applied for benefits while pregnant. But we will assume that she did, as the parties' briefing appears to do.

[2] While defendants did not address §§ 3086 or 3087 in their motions to dismiss, we exercise our discretion to consider these provisions because the availability of these state processes is "purely [an issue] of law and the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court." *United States v. Carlson*, 900 F.2d 1346, 1349 (9th Cir. 1990). Here, the challenged regulation incorporates § 3086. MPP § 82-808.413(a). Reedy is not prejudiced because he had the opportunity to address §§ 3086 and 3087 in his reply brief, which was prepared by counsel.

child both apply for CalWORKs benefits, MPP § 82-808.413(a) sets benefits eligibility in accordance with the court order. In addition, even without a court order under § 3086, fathers can avoid the "parent who applied first" rule by showing they exercise greater care and control over the child. *See generally* MPP § 82-808.2. Indeed, Reedy himself unsuccessfully appealed his denial of benefits to an administrative law judge who considered whether he had shown that he "exercises the majority care and control" for his child.

In view of the availability of these state processes, Reedy has not plausibly alleged a "denial of adequate procedural protections." *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003) (citing *Hufford v. McEnaney*, 249 F.3d 1142, 1150 (9th Cir. 2001)). To the extent Reedy argues that he has not or would not prevail in these processes, "[i]t is process that the procedural due process right protects, not the outcome." *Ching v. Mayorkas*, 725 F.3d 1149, 1156 (9th Cir. 2013). Nor was Reedy denied benefits on the basis of his sex, in violation of the Equal Protection Clause, when he had ways to challenge the initial award of benefits. Reedy has also not alleged that MPP § 82-808.413(d) discriminates against men in its application and intent. *See Toomey v. Clark*, 876 F.2d 1433, 1437 (9th Cir. 1989) (explaining that absent a sex-based classification, a plaintiff must show the challenged law "had a discriminatory effect" and that defendants "acted with discriminatory intent or purpose").

4

The district court properly dismissed Reedy's remaining claims. Reedy's substantive due process claim fails because he has not alleged any deprivation of his right to parent his child, *see Lehr v. Robertson*, 463 U.S. 248, 261 (1983), and the denial of CalWORKs benefits did not contravene that right. *See Harris v. McRae*, 448 U.S. 297, 317–18 (1980) ("Although the liberty protected by the Due Process Clause affords protection against unwarranted government interference with freedom of choice in the context of certain personal decisions, it does not confer an entitlement to such funds as may be necessary to realize all the advantages of that freedom.").

Reedy's claim that the denial of CalWORKs benefits violated Title IX because it denied him ancillary education benefits provided by California Community Colleges (CCC) likewise fails. In light of the available state processes for seeking a change to the allocation of benefits, Reedy was not denied benefits "on the basis of sex." 20 U.S.C. § 1681(a). Nor has Reedy alleged that CCC, the federal funding recipient, had an official policy of discriminating on the basis of sex or was deliberately indifferent to any such discrimination in the CalWORKs program. *See Davis ex rel. LaShonda D. v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 640 (1999); *Karasek v. Regents of Univ. of Cal.*, 956 F.3d 1093, 1104 (9th Cir. 2020).

Finally, the district court did not err in denying leave to amend because amendment would be futile. *See Novak v. United States*, 795 F.3d 1012, 1020 (9th

5

Cir. 2015). Reedy's counseled briefing does not identify any facts that he could invoke that would cure the defects in the complaint.

**AFFIRMED.**