

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JULIANNE PANAGACOS; et al.,

       Plaintiffs-Appellants,

v.

JOHN J TOWERY; et al.,

       Defendants-Appellees.

Nos. 14-35598, 14-35816

D.C. No. 3:10-cv-05018-RBL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted April 7, 2017
Seattle, Washington

Before: W. FLETCHER and GOULD, Circuit Judges, and BLOCK,[**] District
Judge.

Plaintiffs-Appellants belonged to the Port Militarization Resistance, a non-

violent protest organization devoted to protesting the shipment of arms from ports

in Washington state to Afghanistan and Iraq. From approximately 2007 to 2009,

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Frederic Block, Senior United States District Judge
for the Eastern District of New York, sitting by designation.

Defendant Towery, a civilian army employee, infiltrated the group and shared their plans with his supervisor, Defendant Rudd. Rudd in turn relayed that information to his superiors and to local police departments in Tacoma and Olympia. Plaintiffs allege that because of Towery's infiltration and Rudd's relaying of Towery's information, the protesters were arrested without probable cause by the Tacoma and Olympia Police in violation of the Fourth Amendment, and that their fundamental First Amendment freedoms were chilled.

The district court found that Plaintiffs had failed to demonstrate any triable issue of fact sufficient to survive summary judgment. The court granted Defendants' Summary Judgment motion on all claims and awarded costs to the Defendants. Plaintiffs timely appealed. We affirm.

We have jurisdiction pursuant to 28 U.S.C. § 1291. A district court's decision to grant summary judgment is reviewed de novo. *See, e.g.*, *Rodis v. City & Cty. of San Francisco*, 558 F.3d 964, 968 (9th Cir. 2009) (considering summary judgment in a § 1983 suit); *Moore v. Glickman*, 113 F.3d 988, 989 (9th Cir. 1997) (considering summary judgment in a *Bivens*[1] suit). On review, the appellate court must determine, viewing the evidence in the light most favorable to the nonmoving

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

2

party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *See Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004). A district court's decision to grant summary judgment on the ground of qualified immunity is also reviewed de novo. *See Garcia v. Cty. of Merced*, 639 F.3d 1206, 1208 (9th Cir. 2011).

We affirm the district court as to the Olympia Defendants. They are entitled to qualified immunity for the July 27, 2007, detention and arrest of Plaintiff Berryhill, the pepper spraying of Plaintiff Dunn on November 8, 2007, pepper spraying of Plaintiff Grande sometime between November 7 and 9, 2007, pepper spraying of Plaintiffs Robbins, Garfield, Grande and Berryhill on November 10, 2007, pepper spraying of Plaintiff Grande on November 13, 2007, and the arrests of Plaintiffs Panagacos and Robbins on November 13, 2007. As to each episode, the Plaintiffs failed to provide sufficient evidence to allow a reasonable jury to conclude that the defendants' conduct violated an established constitutional right. *Mitchell v. Washington*, 818 F.3d 436, 443 (9th Cir. 2016) (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)).

We also affirm the district court's summary judgment order as to the Tacoma Defendants. First, there is insufficient evidence to demonstrate that the Tacoma Defendants violated the Plaintiffs' privacy rights by infiltrating the Oly22

listserv, which was shared with third parties. There is no evidence that the listserv was private or that the Plaintiffs intended it to be protected by attorney-client privilege. Second, the Defendants are entitled to qualified immunity for the alleged constitutional violations when arresting Plaintiffs Berryhill and Dunn. Third, Plaintiff Crespo also failed to prove facts sufficient to demonstrate either that the video camera installed two blocks from his home violated his expectation of privacy or that the Tacoma Defendants defamed him in a conversation with his landlord. Fourth, the Washington constitutional claims and the Fifth and Sixth Amendment claims are waived since Plaintiffs failed to respond to the motion at the summary judgment stage. *United States v. Carlson*, 900 F.2d 1346, 1349 (9th Cir. 1990) (holding matters not considered by the district court may not be raised for the first time on appeal.). Finally, Plaintiffs have failed to demonstrate the Defendant's employees or agents acted pursuant to an official custom, pattern or policy that permits deliberate indifference to, or violates, the plaintiff's civil rights; or that the entity ratified the unlawful conduct. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690–91 (1978); *Larez v. City of Los Angeles*, 946 F.2d 630, 646–47 (9th Cir. 1991).

Plaintiffs' *Bivens* actions for First and Fourth Amendment violations also fail. "Undercover operations, in which the agent is a so-called 'invited informer,'

are not 'searches' under the Fourth Amendment." *United States v. Mayer*, 503 F.3d 740, 750 (9th Cir. 2007) (quoting *United States v. Aguilar*, 883 F.2d 662, 701 (9th Cir. 1989)). Therefore, Towery and Rudd could not have violated the Fourth Amendment during at least part of their surreptitious investigation. Plaintiffs have also failed to demonstrate that, if violating the Posse Comitatus Act does amount to a Fourth Amendment violation, this was clearly established at the time of the Defendants actions. *Mitchell*, 818 F.3d at 443. As a result, the Defendants are entitled to qualified immunity.

Further, no First Amendment violation exists where the informant conducts the investigation "in good faith; i.e. not for the purpose of abridging the First Amendment freedoms" and "adhere[s] scrupulously to the scope of a defendant's invitation to participate in the organization." *Mayer*, 503 F.3d at 750 (quoting *Aguilar*, 883 F.2d at 705). With regard to the "good faith" test, "[i]n order to demonstrate a First Amendment violation, a plaintiff must provide evidence showing that 'by his actions [the defendant] deterred or chilled [the plaintiff's] political speech and such deterrence was a substantial or motivating factor in [the defendant's] conduct.'" *Mendocino Envtl. Ctr. v. Mendocino Cty.*, 192 F.3d 1283, 1300 (9th Cir. 1999) (second, third, and fourth alternations in original) (quoting *Sloman v. Tadlock*, 21 F.3d 1462, 1469 (9th Cir. 1994)). Plaintiffs have failed to

meet this burden. They have produced no evidence that would demonstrate that the desire to deter Plaintiffs' speech was a substantial motivator for Defendants Towery and Rudd.

Plaintiffs' request that confidential documents be unsealed is DENIED. The National Lawyers Guild, et al.'s Motion to File as *Amicus Curiae* and to Extend Time to File is GRANTED (Dkt. 99). Plaintiffs' Motion to File an Addendum is DENIED (Dkt. 108). We reverse the district court's award of costs to Defendants. Each side shall bear its own costs on appeal.

For the foregoing reasons, the district court's summary judgment order is **AFFIRMED IN PART and REVERSED IN PART.**